## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DR. ERIC BLINMAN,**
Former Director, New Mexico Office of Archeological Studies,

          **Plaintiff,**

**v.**                                   **Case No. 1:23-cv-00431**

**GOVERNOR MICHELLE LUJAN GRISHAM**,
individually and as Governor of the State of New Mexico;
**STATE OF NEW MEXICO OFFICE OF THE GOVERNOR;**
**STATE OF NEW MEXICO; NEW MEXICO STATE DEPARTMENT**
**OF CULTURAL AFFAIRS; DEBRA GARCIA Y GRIEGO,** Individually
and as Secretary of the New Mexico State Department of Cultural Affairs;
**MICHELLE GALLAGHER ROBERTS,** Individually and as Deputy
Secretary of the New Mexico State Department of Cultural Affairs;
**KEN LUCERO,** Individually and as Director of Human Resources for
the New Mexico State Department of Cultural Affairs; **STATE OF**
**NEW MEXICO RISK MANAGEMENT DIVISION; STATE OF NEW**
**MEXICO OFFICE OF ARCHEOLOGICAL STUDIES;** and **YET-TO-**
**BE-IDENTIFIED STATE DEPARTMENTS or AGENCIES or STATE**
**EMPLOYEES WHO WERE COMPLICIT CO-CONSPIRATORS,**
**ENABLERS AND/OR AGENTS OF ANY DEFENDANT,**

          **Defendants.**

**COMPLAINT FOR GENDER AND RACE DISCRIMINATION and ILLEGAL
RETALIATION IN VIOLATION OF THE UNITED STATES CIVIL RIGHTS ACT OF
1964 and THE NEW MEXICO HUMAN RIGHTS ACT; FOR AGE DISCRIMINATION
IN VIOLATION OF THE UNITED STATES AGE DISCRIMINATION IN
EMPLOYMENT ACT OF 1967 and THE NEW MEXICO HUMAN RIGHTS ACT; FOR
VIOLATION OF 42 UNITED STATES CODE, SECTION 1983, and THE
FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION; FOR
VIOLATION OF THE DUE PROCESS, EQUAL PROTECTION and SEX
DISCRIMINATION CLAUSES OF THE NEW MEXICO CONSTITUTION; FOR
VIOLATION OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT; FOR
BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
FOR BAD FAITH BREACH OF NEW MEXICO DEPARTMENT OF CULTURAL
AFFAIRS POLICY NO. HR007 AND PLAINTIFF'S EMPLOYMENT CONTRACT
WITH THE STATE OF NEW MEXICO; FOR NEGLIGENT/INTENTIONAL
INTERFERENCE WITH EMPLOYMENT CONTRACT; FOR DEFAMATION; FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
FOR WRONGFUL TERMINATION; and FOR CIVIL CONSPIRACY**

**COMES NOW** the Plaintiff, Eric Blinman, an elder Caucasian male, by and through his legal counsel, Merit Bennett, *Esq*., of The Bennett Law Group, LLC, and for his complaint against the Defendants, states as follows:

### JURISDICTION

1.     The Plaintiff brings this action pursuant to the United States Constitution, the New Mexico Constitution, the United State Civil Rights Act of 1964, the New Mexico Human Rights Act, the New Mexico Whistleblower Protection Act, the United States Age Discrimination in Employment Act, Section 1983 of Title 42 of the United States Code and New Mexico Contract and Tort Law.   A Notice of Tort Claim was filed on May 3, 2023, and is attached hereto as **Exhibit A**. A Charge of Discrimination was filed with the EEOC on May 8, 2023, and is attached hereto as **Exhibit B**.  Notices of Right to Sue under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and under the Age Discrimination in Employment Act (ADEA), were issued by the U.S. Department of Justice, Civil Rights Division, on May 16, 2023, and May 17, 2023, respectively, and are attached hereto as **Exhibit C**.

2.     Jurisdiction over the federal claims is proper under 28 U.S.C. §1331. The Court has supplemental jurisdiction over state law claims, including those arising from the New Mexico Constitution, the New Mexico Human Rights Act, the New Mexico Whistleblower Protection Act and other state tort claims pursuant to 28 U.S.C. §1367 and 42 U.S.C. §1983.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3.     Plaintiff Dr. Eric Blinman, Ph.D., (hereinafter "Plaintiff" or "Dr. Blinman") is a male over forty (40) years of age (now 69 years old).  Eric's degrees in anthropology are from UC

Berkeley and Washington State University. He has worked in contract archaeology across the western United States, and he joined the Museum of New Mexico's archaeology program in 1988. His specialties are pottery technology, human response to climate change, yucca and basketry textiles, Puebloan social history, public education, low energy plasma radiocarbon sampling and archaeomagnetic dating, in addition to the design and implementation of archaeological projects on behalf of clients who are required to comply with cultural resource laws and regulations. Dr. Blinman's employment as the Director of the Defendant New Mexico Office of Archeological Studies (NMOAS) (a division of the New Mexico Department of Cultural Affairs ("NMDCA")) was recently wrongfully, illegally, and with malice, terminated by Defendant Michelle Gallagher Roberts, Deputy Secretary of the NM State Department of Cultural Affairs, upon the direction of NMDCA Cabinet Secretary, Defendant Debra Garcia y Griego ("Garcia y Griego"), acting on behalf of herself and the other Defendants, including Dr. Blinman's direct employer(s), Defendant State of New Mexico, *ex rel.* NMDCA and NMOAS, and at the direction of and/or with the consent of Defendant Michelle Lujan Grisham ("Grisham"), Governor of the Defendant State of New Mexico, acting individually and on behalf of the State of New Mexico and in conspiracy with Defendant Garcia y Griego and/or others yet-to-be-identified. At all times relevant herein, Mr. Blinman was a resident of Santa Fe, Santa Fe County, New Mexico.

4.      Defendant Michelle Lujan Grisham (hereinafter "Governor Lujan Grisham," "Governor" or "Lujan Grisham" or the "State" or "state government" or one of "Defendants") is and was, at all relevant times herein since January 1, 2019, the Governor of the State of New Mexico, acting at all times herein as Governor on behalf of the State of New Mexico and/or individually

under color of state law.  Any reference to this Defendant shall also be deemed to also be a reference to Defendants State of New Mexico and State of New Mexico Office of the Governor.

5.      Defendant State of New Mexico (also herein the "State" or "state government" or one of "Defendants") is the governmental entity employing all other named Defendants whose acts and/or omissions described hereinbelow were accomplished under color of state law and therefore have obligated the State for responsibility and liability for their misconduct, pursuant to the doctrine of *respondeat superior* and pursuant to 42 U.S.C., Section 1983.

6.      Defendant State of New Mexico Office of the Governor (also herein "Office of the Governor," "The Office of the Governor," "Governor," "State of New Mexico" and/or "State") is a New Mexico state governmental entity by and through which the Governor (including Defendant Michelle Lujan Grisham and the governors of preceding administrations) and the Governor's cabinet secretaries exercise the authority and perform the duties of the office of the Governor of the State of New Mexico.  At all times herein, any reference to Governor Lujan Grisham, to the "Governor," to any cabinet secretary or to any other appointee of the Governor shall also be reference to, and shall therefore also bind to the liability established herein The Office of the Governor as a separate and distinct governmental entity of the State of New Mexico and Lujan Grisham herself, individually.

7.      Defendant New Mexico Department of Department of Cultural Affairs ("NMDCA" or the "State" or "state government" or one of "Defendants") is a New Mexico state governmental entity whose acts and/or omission described hereinbelow have obligated the State for responsibility and liability for the misconduct of its employee(s) and/or departmental director(s) and or others in its chain of command, including all of the individually-named Defendants. Defendant Michelle

Gallagher Roberts is the Deputy Secretary of NMDCA. Defendant Ken Lucero is the Human Resources Director of NMDCA.

8.      Defendant New Mexico State Office of Archeological Studies ("NMOAS;" "NMDCA;" "or the "State" or "state government" or one of "Defendants") is a New Mexico state governmental office/entity whose acts and/or omission described hereinbelow have obligated the State for responsibility and liability for the misconduct of its employee(s) and/or departmental director(s) and or others in its chain of command (other than Plaintiff), including all of the individually-named Defendants.

9.      Defendant New Mexico State Risk Management Division ("NMRMD" or the "State" or "state government" or one of "Defendants") is a New Mexico state governmental office/entity responsible for ensuring that the acts/omissions of state employees who violate applicable state and federal laws, rules, regulations and policies in the alleged performance of their job duties are prevented and/or corrected and/or subjected to appropriate training, oversight and discipline, all in order to manage and reduce the liability risk of the State of New Mexico that may be caused by the State's offices and employees, including by any or all of the Defendants named herein. NMRMD failed in such oversight by failing to ensure that the misconduct described herein that was perpetrated against Plaintiff Dr. Blinman did not occur and/or was immediately remedied.

10.      Defendant Debra Garcia y Griego (hereinafter also referred to as "NMDCA," "Defendant Garcia y Griego," "Secretary Garcia y Griego," "NMDCA Secretary Garcia y Griego," "cabinet secretary," "Garcia y Griego" or one of "Defendants") is a Hispanic female who is currently the Cabinet Secretary of NMDCA, appointed by Defendant Governor Lujan Grisham, and acting at all times on behalf of all other Defendants and/or under their respective supervision and/or

oversight with regard to all related matters herein, to include implementing her authority over Plaintiff and NMOAS, which authority is derived from Defendant State of New Mexico and/or Defendant Lujan Grisham acting under color of state law, whose apparently unsupervised individual acts and/or omissions described hereinbelow and perpetrated against Plaintiff, while also acting under color of state law, have obligated NMDCA and/or NMOAS and/or NMRMD and/or the State of New Mexico and/or the Office of the Governor and/or the Governor herself and other yet-to-be-identified individuals for full responsibility and liability for Secretary Garcia y Griego's individual (and/or for one or more of the other named Defendant's individual and/or collective) misconduct.

11.    Defendants Yet-to-be-identified Co-conspirators, Enablers and/or Agents ("Yet-to-be-identified Defendants") are those state-employed individuals and/or state agency(ies) who/which may have engaged in, enabled and/or facilitated the accomplishment of any of the misconduct described below, either unilaterally or acting as an agent or co-conspirator of another named Defendant, which act(s) and/or omission(s) have caused Plaintiff to suffer the harm and damage described herein. Any reference to any "Defendant" or to "Defendants" also includes reference to these other yet-to-be-identified individual actors and/or agents and/or enablers and/or co-conspirators of one or more or all of the named Defendants.

**ESSENTIAL FACTS**

12.    Dr. Blinman has, for the last 17 years, been employed by the State of New Mexico as the Director of the New Mexico Office of Archeological Studies (NMOAS), performing during those years in exemplary service to the citizens of the State of New Mexico by reconstructing the history of human presence in New Mexico for the Office of Archeological Studies, a division of the New Mexico Department of Cultural Affairs. Dr. Blinman's "contract of employment" with the

State of New Mexico was embodied in: State Department of Cultural Affairs Policy No. B-1: Code of Conduct and Ethics (**Exhibit D**); Policy No. HR007: Prohibiting Harassment, Discrimination and Bullying in the Workplace (**Exhibit E**); and Policy No. HR010: Disciplinary Action (**Exhibit F**).

13.    While serving the citizens of New Mexico in state government, Dr. Blinman was a strong proponent of Native issues and projects, a highly respected scientist, an experimental archaeologist, an educator and a friend of amateur archaeologists and volunteers. He was a collaborator, working with other scientists on projects such as radiocarbon dating techniques, archaeomagnetic dating and prehistoric pottery types found in New Mexico.  Dr. Blinman was devoted to decades of public service, dedication to his work and accomplishment for all New Mexicans.

14.    Beginning in approximately July of 2021 and extending into 2022, Dr. Blinman made numerous requests of Defendant Garcia y Griego for her permission to permit Dr. Blinman to personally interview, vet and hire the employees who were to work for and report to Dr. Blinman (prospective employee positions were instead being initially and unilaterally screened by Defendant Garcia y Griego).  Defendant Garcia y Griego did not respond to any of Dr. Blinman's requests, as she knew that not providing Dr. Blinman with this hiring authority would deprive him with the competent employees and necessary tools to enable him to effectively perform his job duties, and such control over Dr. Blinman's employee hiring process would ultimately provide her with the pretext she wanted, and needed, to be able to terminate Dr. Blinman's employment with the State. Dr. Blinman complained to the New Mexico Department of Cultural Affairs (**"first whistleblower complaint"**) that Defendant Garcia y Griego was improperly, and likely contrary to state policy, refusing to provide Dr. Blinman with the tools he needed to effectively perform his job duties, to

include not providing him with the ability to be involved with the hiring of employees who were assigned to work underneath him, in order to efficiently and effectively enable him to best perform his job duties in service to the citizens of New Mexico.

15.    In 2022, Dr. Blinman, in good faith, believed that Defendant Garcia y Griego's refusal to permit him to hire employees qualified to perform their job duties constituted an unlawful or improper action which was designed by Garcia y Griego to undercut Dr. Blinman's authority and to negatively impact his ability to perform his job duties, despite Garcia y Griego knowing that it would be harmful to the best interests of the citizens of the State of New Mexico; and Dr. Blinman therefore reported such misconduct of Defendant Garcia y Griego **("first whistleblower complaint")** to Defendant Ken Lucero, Director of the DCA Human Resources Department. Defendant Lucero reported this whistleblower complaint to the New Mexico Risk Management Division (NMRMD).  In belated response (likely because of the interference and intervention of Defendant Garcia y Griego and/or Defendant Lujan Grisham and/or another yet-to-be-identified Defendant), in early-to-mid January of 2023, an attorney retained by NMRMD finally reached out to Dr. Blinman "to investigate" Dr. Blinman's first whistleblower complaint, only shortly before Dr. Blinman's retaliatory and otherwise illegal termination that was to immediately follow.

16.    **Also, in 2022, Dr. Blinman reported, believed by him to be in confidence, to Mr. Ken Lucero, the Human Resources Director of NMDCA, that Dr. Blinman was told that a rumor was circulating among present and retired NMDCA staff that Defendant Garcia y Griego was having an illicit sexual affair with her subordinate, Dr. Patrick Moore, the New Mexico Historic Sites Executive Director.  Dr. Blinman believed that the rumor itself had the potential to negatively impact the morale and efficiency of the NMDCA workplace and that**

8

**Mr. Lucero should be aware of the risk posed by the rumor. If the rumor was true, such a relationship was not in keeping with the State's code of professional conduct and/or may cause either or both of their respective state offices to be viewed in a bad light by the public and by other state employees serving with or under them, thus negatively impacting the efficiency of this governmental workplace and the achievement of its operational objectives.** (*See* Department of Cultural Affairs (DCA) Policy No: B.1 (Code of Conduct and Ethics, (1) Personal Conduct: **"As public servants, all DCA employees are expected to maintain the highest standards of personal conduct ... Employees must treat their co-workers with respect and act in a professional manner at all times."**) **(Exhibit D**) (**"second whistleblower complaint"**). In addition, Dr. Blinman believed that if a sexual relationship did exist between Defendant Garcia y Griego's and her subordinate, the relationship might also be the consequence of "harassment" or "bullying" or "discrimination" or other "[i]nappropriate or unprofessional behavior" committed by Defendant Garcia y Griego, all of which were prohibited by DCA Policy No. HR007, Section 4.0 "Policy" (*See* **Exhibit E**), and by DCA Policy No. HR010, III(B)(1. Group 1 Offenses (g)) (*See* **Exhibit F**). Dr. Blinman reported the existence of this rumor to Mr. Lucero "in confidence" in Mr. Lucero's role as the Human Resources Director of NMDCA, and Dr. Blinman did not repeat the rumor to anyone else.

17.    It is believed that Mr. Lucero nevertheless conveyed the substance of Dr. Blinman's report to Defendant Garcia y Griego, thereby furthering the conspiracy with Defendant Garcia y Griego (and likely at that time also with Governor Lujan Grisham) to fabricate a pretext for Dr. Blinman's termination, and Defendant Garcia y Griego, without providing any prior notice to Dr. Blinman or offering him an opportunity for response, immediately initiated a "Performance

Development Plan" dated 4/29/2022 (attached hereto as **Exhibit G**), which falsely (with malice and intent to cause harm) accused Dr. Blinman of "performance deficiencies," including "slandering, ridiculing, or maligning a person ...," *i.e.*, for Dr. Blinman's "maligning" of Ms. Garcia y Griego and her paramour, Mr. Patrick Moore, for possibly having a sexual relationship which was professionally inappropriate and which was interfering with the efficiency of the operations of the New Mexico Department of Cultural Affairs ("NMDCA") and the New Mexico Office of Archeological Studies ("NMOAS"), the Division of the NMDCA which was managed by Dr. Blinman ("You [Dr. Blinman] perpetrate and engage in gossip and slander against the Secretary [Ms. Garcia y Griego].").
*Id.*

18.    The Performance Development Plan also falsely accused Dr. Blinman of numerous "performance deficiencies," such accusations being made also in order to create a pretext for his termination. *See* **Exhibit G**, with subsections "Performance Deficiencies" and "Action Plan." Again, all of the "Deficiencies" and  the elements of the "Action Plan" cited to correct said "deficiencies" were fabricated or misrepresented, either because they were factually untrue or because Defendant Garcia y Griego had refused to provide the support and resources that Dr. Blinman needed to "complete the assigned tasks by deadlines" (**Exhibit G**, Performance Deficiencies, No. 1.)

19.    With respect to the Action Plan, the "Supervisor" (Defendant Garcia y Griego) failed to abide by her duties ("Supervisor's responsibility) to: (1) "[p]rovide support with the goal of Dr. Eric Blinman functioning independently and proactively as the OAS Director;" (2) "Document improvement/failure to provide employee success;" and (3) "Meet with Dr. Blinman bi-weekly to determine what he needs from his supervisor to maximize his job performance and comply with

NMDCA policies related to behavior." **Exhibit D**, p. 3.  These failures of Defendant Garcia y Griego were deliberate, because (1) she did not want Dr. Blinman to succeed and (2) because she wanted to create a second pretext - this time for his illegal termination, in retaliation for his previous outing of her misconduct.

20.    The Action Plan in **Exhibit G** called for "substantial completion of [the above] outlined goals is expected by June 3, 2022."  Apparently, "substantial completion" was achieved, because  June 3 came and went with no further outcry from Defendant Garcia y Griego.- simply because the "goals" were not necessary (because they were not based upon the reality of the workplace that Dr. Blinman was supervising) <u>and</u> because Dr. Blinman had already been substantially performing his job duties and working overtime as necessary, notwithstanding being deprived by Garcia y Griego of the resources he needed, including the ability for him to hire the employees who were needed to help him to complete the work that Garcia y Griego kept referring to as being "undone," which reference was continually made by Garcia y Griego in order to create the pretext of Dr. Blinman's "nonperformance," so she could illegally terminate his employment with the State.

21.    Even though the Department of Cultural Affairs Policy HR010 ("Disciplinary Action" - **Exhibit F**) requires that there be "progressive discipline" (an opportunity for the accused employee to take "corrective action" (**Exhibit F**, II. Definitions, para. D. "Corrective Action," page 2; and III) in advance of a termination, in order "to correct performance or behavior that is below acceptable standards, or contrary to the Department's legitimate interests, in a constructive manner in order to foster employee improvement and responsibility," (**Exhibit F**, III. Policy, page 5), Defendants provided no such mandatory opportunity to Dr. Blinman, primarily because (1) virtually

all of the allegations contained in the "Performance Deficiencies" (**Exhibit G**) were contrived or false and (2) the Defendants never followed through with the support of Dr. Blinman either specifically requested by him or as they were required to provide by the "Action Plan." *See* paragraph 21 above and **Exhibit G**, p. 3, "Supervisor's [Garcia y Griego's] responsibility."

22.     Dr. Blinman's confidential revelation to Mr. Lucero of Defendant Garcia y Griego's rumored unprofessional sexual relationship with her male subordinate employee that was spilling over into the State's workplace constituted a second "whistleblower complaint." This confidential reporting  (whistleblower complaint) by Dr. Blinman of Defendant Garcia y Griego's suspected sexual relationship with her male subordinate, on the heels of his previous whistleblower complaint of Garcia y Griego's mismanagement of state resources, was the obvious reason the named Defendants, and specifically Defendant Garcia y Griego (likely with the approval of her close extracurricular friend, the Governor), decided to retaliate against Dr. Blinman by illegally terminating his employment, as is described herein.

23.     Retaliation against Dr. Blinman ((1) because of one or both of his above-mentioned whistleblower complaints (regarding (a) Defendant Garcia y Griego's infidelity and (b) her refusal to provide Dr. Blinman with the personnel and resources he had been requesting) and (2)because of Defendants' ongoing intent to discriminate against this older, white male) ensued with the illegal (discriminatory, retaliatory and bad faith) termination of Dr. Blinman's contract of employment with the State of New Mexico and its Department of Cultural Affairs (embodied in **Exhibits D, E** and **F**), which was accomplished by Defendant Garcia y Griego with the necessary, and also discriminatory, conspiratorial and therefore illegal, approval of Defendant Lujan Grisham - including specifically Defendant Garcia y Griego's (and Governor Lujan Grisham's) illegal

retaliation against Dr. Blinman for making the above-referenced whistleblower complaints, especially the complaint concerning Defendant Garcia y Griego's rumored sexual indiscretion, which second whistleblower complaint clearly confirmed Defendant Garcia y Griego's impaired decision-making ability and flawed leadership capacity that was the point of Dr. Blinman's first whistleblower complaint regarding him not being provided by Garcia y Griego with the necessary resources to properly accomplish his job responsibilities.

24.     The final act of retaliation came on February 13, 2023.    While working at an archeological documentation project beneath the floorboards of the Palace of the Governors in Santa Fe, Dr. Blinman was summarily and without notice or cause terminated by Defendant Garcia y Griego from his employment with the State and banned from his office in the same state building for which he had raised the funds to build.  No good faith, legitimate reason for Dr. Blinman's summary dismissal was provided by Defendant Garcia y Griego nor by Defendant Lujan Grisham, neither then nor to date, notwithstanding the public outcry and wide display of unequivocal support for Dr. Blinman and his many years of valuable public service to the citizens of our state.  In fact, Dr. Blinman was given a letter of termination, signed by Deputy Cabinet Secretary and Defendant Michelle Gallagher Roberts, which incongruously stated, in part,

**Thank you for your service to the State of New Mexico.**
**We [Defendants] wish you luck on your future endeavors.**

*See* **Exhibit H**.  Emphasis supplied.

This letter constitutes an admission by Defendants that there was no legitimate, good faith reason (workplace misconduct or failure to perform job responsibilities or failure to comply with the  Action Plan) for Dr. Blinman's termination, apart from the illegal discrimination and retaliation described herein.

13

Further, the letter falsely states that Dr. Blinman was an "at-will" employee as an attempt to further justify his wrongful termination. When, in fact, Dr. Blinman was not a an at-will employee as alleged by Defendants because Dr. Blinman's employment with NMDCA was governed by the express and implied contract known collectively as Department of Cultural Affairs Policies Nos. B-1, HR007 and HR010, to which all Defendants were bound. *See* Policies attached as **Exhibits D**, **E** and **F**, respectively.

25.    Hundreds of Dr. Blinman's supporters have petitioned the Governor to reinstate Dr. Blinman and to withdraw Defendant Garcia y Griego's nomination to serve in her position for a second term, simply because it is common and public knowledge that Dr. Blinman was wrongfully and illegally terminated and that Defendant Garcia y Griego is primarily and wrongfully responsible, with the apparent backing of the Governor. Notwithstanding this public outcry, Governor Lujan Grisham refused to reinstate Dr. Blinman and has stated that Defendant Garcia y Griego would not have to undergo a confirmation hearing for her position and "would keep her job." **The Governor's spokesperson, Maddy Hayden, said in an emailed statement, "The governor remains fully supportive of the Secretary [Defendant Garcia y Griego] and her leadership abilities." - implying that she supported/condoned/authorized Dr. Blinman's illegal termination in retaliation for his whistleblowing and because he was an older, Caucasian male whom she felt was therefore not entitled to any due process or equal protection of the law.**

26.    Dr. Blinman subsequently learned from a state official privy to inside information that **"The gov [Defendant Lujan-Grisham] and Debra [Defendant Garcia y Griego] are best girlfriends who go on road trips."**

27.    Defendant Governor Lujan-Grisham's knowing and public support and direct confirmation of the unjustifiable and illegal termination of Dr. Blinman, when directly requested to reinstate Dr. Blinman, constitutes the Governor's tacit admission that she was a willing co-conspirator with Defendant Garcia y Griego in Garcia y Griego's (and the Governor's) scheme to retaliate against Dr. Blinman, because of his complaint that Garcia y Griego had created a hostile workplace environment by refusing to provide Dr. Blinman with essential resources and because Dr. Blinman had reported to Mr. Lucero of NMDCA the rumor of Garcia y Griego's illicit sexual relationship and her refusal to provide Dr. Blinman with essential resources necessary to perform his job duties.  The retaliation by the Governor came in the form of creating a false pretext to terminate Dr. Blinman's long and loyal employment with the State of New Mexico in blatant violation of state and federal law, including in clear violation of the New Mexico State Department of Cultural Affairs Policy No. HR007 (**Exhibit E**).

28.    In fact, Defendant Garcia y Griego publicly responded to complaints from New Mexico citizens about her termination of Dr. Blinman by falsely claiming that her racist and sexist (and ageist and breach-of-contract) termination of Dr. Blinman was not a racist and sexist act:

> Most people should be offended by **the undertones of racism and sexism** that have been emerging within public responses. When women make personnel decisions, it is often characterized as emotionally driven, vindictive, and controlling.  When men do the same thing, it is considered strong and decisive leadership.  (*See* Defendant Garcia y Griego's published email referenced in Searchlight New Mexico article, attached as **Exhibit I**.)

Why did Garcia y Griego, "out of nowhere," bring up the subject of "undertones of racism and sexism" in her public response to Dr. Blinman's termination?  - simply because she well knew that her termination of Dr. Blinman was indeed accomplished by her because of her own "racism and sexism" directed against Dr. Blinman, and her identification of those "undertones" as such in

her public response was therefore her tacit admission of her perpetration of illegal race and sex discrimination against (an older) white male.

(Searchlight New Mexico is a nonpartisan, nonprofit news organization dedicated to investigative and public service journalism in the interest of the people of New Mexico. Searchlight's mission is to deliver high-impact investigative reporting to inspire New Mexicans to demand action on systemic problems that plague New Mexico, to include the systemic problem within our state government of numerous civil rights violations and illegal discrimination perpetrated by the current administration.)

**It is indeed telling that Defendant Garcia y Griego felt it necessary to address the issues of "racism" and "sexism" in her public response (which, until she responded to public criticism, were only "undertones") simply because she well knew that she had to defend the illegal discrimination and retaliation that had actually motivated her termination of Dr. Blinman - yet she also knew that her termination of Dr. Blinman was not only motivated by racism and sexism, but also by age discrimination and Dr. Blinman's double-whistleblowing of her rumored sexual affair and proven department mismanagement.  Defendant Garcia y Griego's unilateral raising of the issues of "racism and sexism" was truly a "Freudian slip" ("an unintentional error regarded as revealing subconscious feelings") and thus was a slip-of-the-lip admission that her termination of Dr. Blinman was the consequence of her illegal discrimination and retaliation perpetrated against him.**

29.    This email was Defendant Garcia y Griego's last-gasp attempt to deflect attention away from the fact that it was exactly because Dr. Blinman was an older, white male whom Defendant Garcia y Griego had terminated, with, of course, the conspiratorial blessing of Defendants

Governor Lujan Grisham (*see* paragraph 27 above), Ken Lucero, Michelle Gallagher Roberts and other yet-to-be-identified complicit Defendants.

30.     And why didn't Defendant Garcia y Griego explain "why" she made this particular "personnel decision?" She did not explain the "cause" upon which her "decision" was based, precisely because there was "no cause," other than gender, race and/or age discrimination - and also retaliation for the whistleblower complaints Dr. Blinman had made to Defendant Lucero (DCA's Human Resources Director) only two months before in January about the "bullying and threats and retaliation from the secretary [Garcia y Griego]" ("hostile and discriminatory work environment") that he had been experiencing and for his previous complaint that the secretary was not providing him with the necessary staff and resources to enable him to do his job (first whistleblower complaint). Defendant Garcia y Griego's retaliatory and discriminatory termination of Plaintiff was in clear violation of state and federal civil rights and whistleblower laws and also was in breach of the Code of Conduct and Ethics of the Department of Cultural Affairs that Defendant Garcia y Griego was openly abusing consistent with her intent to discriminate and retaliate against an older, white male (Dr. Blinman) who was blowing the whistle on her patently illegal, unprofessional and irresponsible misconduct and failed leadership.

31.     Defendant Garcia y Griego's angry intent to discriminate and retaliate against Dr. Blinman was clearly exposed by her direction to her Deputy Secretary, Ms. Michelle Gallagher Roberts, to humiliate Dr. Blinman: (1) by  summarily firing Dr. Blinman (without providing him with any "reason" for his termination, nor affording him any opportunity to respond to or to rebut such "reason"); (2) by confiscating his laptop computer; and (3) by banishing him from the building where he worked for so many years (except to retrieve his personal belongings, "under escort").

This deliberate humiliation of Dr. Blinman was obviously also in retaliation for Dr. Blinman's complaints of Ms. Garcia y Griego's "bullying and threats and retaliation" directed toward him and his reporting of her rumored sexual and unprofessional misconduct to the NMDCA Human Resources Director; and this deliberate humiliation of Dr. Blinman definitely confirmed Defendant Garcia y Griego's intent to discriminate against, and create a pretext to terminate, Dr. Blinman because he was an older white male who dared to report ("whistleblow") to the New Mexico Human Resources Department Defendant Garcia y Griego's workplace "bullying and threats and retaliation." **Defendant Deputy Secretary Roberts' last statement to Dr. Blinman during the meeting terminating his employment was, "And this [your termination] is <u>not</u> retaliation," thereby admitting that Dr. Blinman's termination was, in fact, definitely in "retaliation" and discrimination against Dr. Blinman, an older, white male, for having previously dared to make protected whistleblower complaints.**

32.    Dr. Blinman responded to the article in Searchlight New Mexico by stating, **"One of my great frustrations was the punitive nature of what she [Garcia y Griego - enabled and supported by Governor Lujan Grisham] did.  People can't talk to me.  I can't go into the building [State of New Mexico Office of Archeological Studies (NMOAS) - his former workplace].  Even the interim directors are not allowed to ask me questions."**  This infliction of emotional distress upon Dr. Blinman perpetrated by the Governor and her co-conspirator, Defendant Garcia y Griego, was intentionally accomplished by these two Defendants, on behalf of themselves and the other named Defendants, including unfortunately their employer whom they were acting on behalf of, the State of New Mexico, knowing (1) that Dr. Blinman did not deserve such defamatory mistreatment and (2) that such mistreatment would cause Dr. Blinman to suffer

ridicule from the public and from other employees of the State of New Mexico, all of whom he had faithfully served for so many years, and (3) that he would naturally suffer consequent severe and extreme emotional distress and loss of income and retirement benefits. (The "no communication order" resulted in a series of errors being made within NMOAS that could have been prevented if Dr. Blinman would have been permitted to be available to his former co-employees within NMOAS to answer questions and coach interim directors concerning their responsibilities regarding ongoing NMOAS projects.  This "order" resulted in inefficiency, delays and disruption to clients with ongoing projects, including delays in repatriation to the Pueblo of Pojoaque and to the invoicing process that was then underway.)

33.    Immediately after Garcia y Griego's illegal termination of Dr. Blinman (and after other instances of mismanagement by Garcia y Griego came to light), more than 100 New Mexico historians, artists, museum professionals, archaeologists, librarians and other New Mexicans sent Defendant Lujan Grisham a letter asking her to withdraw her nomination to reappoint Defendant Garcia y Griego to serve as New Mexico's Cultural Affairs Secretary.

34.    Despite this warning of Garcia y Griego's inability to meet the needs of New Mexicans and our State, Defendant Governor Lujan Grisham nevertheless backed Garcia y Griego's reappointment (and therefore acknowledged the Governor's failure to take into account Garcia y Griego's mismanagement and misconduct inappropriate to her office when the Governor had approved Garcia y Griego's illegal termination of Plaintiff Dr. Blinman) in a letter released to the public:

   ***The Governor's revealing letter of admission reads, in part:***

   **In the four years since this secretary [Defendant Garcia y Griego] has held office, <u>she has overseen excessive turnover in senior management leadership, from both governor-</u>**

**exempt and classified position, leading to instability,  loss of institutional knowledge and leadership, and declining morale within the organization.**  Emphasis supplied.

**(If these assertions were true, then (*a rhetorical question addressed to the Governor and to Ms. Garcia y Griego*), "Why would Defendant Garcia y Griego, with the approval of Governor Lujan Grisham, decide to terminate Dr. Blinman, an older Caucasian male, who epitomized institutional stability, institutional knowledge and institutional leadership, all contributing to high morale among the state employees whom he supervised or worked with?"  In view of the totality of the circumstances described above, there can be only one possible answer to this question:  "Dr. Blinman was terminated because of a conspiracy among the named Defendants to illegally discriminate and retaliate against him!")**

35.    Yet-to-be-identified employees of State government had to have conspired with and/or enabled the named Defendants in the accomplishment of this conspiracy to fabricate a pretext(s) to mistreat, bully, discriminate against and eventually illegally terminate the employment of Dr. Blinman.

36.    The administration's (Garcia y Griego's and Lujan Grisham's) intent to illegally discriminate and retaliate against Dr. Blinman is also evidenced by these Defendants' order issued to all of the Department's employees following Dr. Blinman's termination that no employee was to engage in any contact or communication with Dr. Blinman, even if necessary in order to draw on his vast knowledge and experience should such become required for the efficient operation of the Department for the benefit of the citizens of New Mexico.  Such a "blackball" directive is a clear admission by the Defendants that the termination of Dr. Blinman did not have the best interests of the citizens of New Mexico (especially the state's indigenous peoples) in mind and was instead solely motivated to accomplish the Defendants' nefarious and illegal purposes.

37.    The above-described discrimination against Dr. Blinman is also consistent with a pattern and practice of illegal discriminatory misconduct perpetrated by the Governor (and ergo by her administration), who unfortunately feels that she is entitled to engage in "favoritism" with high-office state employees who are her "friends," to the detriment of older white executives, that clearly violates federal and state anti-discrimination laws.  This particular pattern and practice of illegal misconduct is also epitomized in the case of *Jan H.C. Goodwin, Former Executive Director, New Mexico Educational Retirement Board v. Governor Michelle Lujan Grisham, Individually and as Governor of the State of New Mexico, et al.*, Case No.  1:21-cv-00483, EFC 70, which is still pending against the Governor in Federal District Court.   *See* copy of the Second Amended Complaint filed in *Goodwin v. Grisham, et al.*, Case No. 1:21-cv-00483, EFC 70.

38.    Finally, as further proof that the Defendants had no legitimate, good faith business reason to terminate Dr. Blinman, and his termination was, in fact, the consequence of illegal age, race and gender discrimination and retaliation for making whistleblower complaints, on the evening of May 18, 2023, three months after his illegal termination, at the 2023 Santa Fe Heritage Preservation Awards Ceremony at the San Miguel Chapel, sponsored by the City of Santa Fe, Old Santa Fe Association and Historic Santa Fe Foundation, Dr. Blinman was recognized and honored for his dedicated service to preserving the heritage of New Mexico.

### COUNT I

### Gender and/or Race Discrimination in Violation of Title VII
### of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended,
### and the Civil Rights Act of 1991, 42 U.S.C. § 1981a
### (Plaintiff v. All Defendants, including Yet-to-be-identified Co-Conspirators)

39.    Plaintiff incorporates and re-alleges all allegations of this Complaint as if fully set forth herein.

40.    The above-described misconduct conduct perpetrated by the Defendants constitutes gender and/or race discrimination, and/or retaliation for Plaintiff's protected complaints/whistleblowing, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended ("Title VII of the Civil Rights Act") and the Civil Rights Act of 1991. Defendant Governor Lujan Grisham, Defendant Debra Garcia y Griego and all other individual Defendants, at all times relevant herein, were and still are acting under color of state law.  All Defendants are therefore jointly and/or severally liable to Plaintiff for all of his federal civil rights statutory remedies, including for Plaintiff's actual, consequential and punitive damages and attorneys' fees.

41.    Defendants wrongfully and unlawfully discriminated against Plaintiff, a Caucasian male over 40 years of age, by illegally terminating him because of his race, gender and/or age and/or in retaliation for his protected complaints regarding the hostile work environment at NMDCA and NMOAS and his confidential reporting of the rumored extra-marital sexual affair of Defendant Garcia y Griego with one of her male employee subordinates.

42.    Because Defendants' ongoing and systemic discrimination and retaliation against Plaintiff violated, and continued to violate, Plaintiff's rights under Title VII of the Civil Rights Act (and the Civil Rights Act of 1991), all Defendants are therefore jointly and/or severally liable to Plaintiff for all of Plaintiff's statutory remedies, including actual, consequential and punitive damages and attorneys' fees.

43.    As a direct result of the aforesaid misconduct by the Defendants, Plaintiff has suffered and will continue to suffer embarrassment, humiliation and loss of income and other damages.  Further, as a direct result of the aforesaid misconduct of the Defendants, Plaintiff has been

defamed, has been wrongfully discharged from his employment with the State of New Mexico, has suffered severe and extreme emotional distress, has been prevented from obtaining the full enjoyment of his life and has sustained a loss of earnings and will continue to incur these and other related damages.

44.     The conduct of the Defendants set forth above was intentional, willful, malicious, reckless, wanton and/or grossly negligent and was undertaken with a total disregard for Plaintiff's rights and feelings, knowing that their actions or inactions would cause Plaintiff to suffer economic loss and severe and extreme emotional distress, thereby entitling Plaintiff to an additional award of punitive damages to punish Defendants and to deter the State of New Mexico and its Governor(s) and its agency heads (such as Defendant Garcia y Griego) and any of the other individual co-conspirators from considering similar reprehensible and illegal misconduct.

45.     A Charge of Discrimination was filed with the U.S. Equal Employment Opportunity Commission on May 8, 2023, and Notices of Right to Sue was issued by the United States Department of Justice on May 16, 2023.  *See* **Exhibits B and C, respectively,** attached hereto and incorporated herein.

**WHEREFORE**, on Count I, Plaintiff requests that judgment be entered against Defendants, jointly and/or severally, awarding him compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

## COUNT II

### Age Discrimination and Retaliation in Violation of
### <u>The Age Discrimination in Employment Act of 1967</u>
### (Plaintiff v. Defendants State of New Mexico, The Office of the
### Governor, NMDCA, NMOAS, NMRMD, and
### Yet-to-be-identified New Mexico Agency(ies))

46.     Plaintiff incorporates and re-alleges all allegations of this Complaint as if fully set forth herein.

47.     The Age Discrimination in Employment Act of 1967, 29 U.S.C., Section 621, *et seq.*, prohibits discrimination in the workplace because of age (over 40).

48.     The above-named Defendants, by their acts and/or omissions as described above, did so discriminate and/or retaliate, in whole or in part, against Plaintiff because he was an older man (over the age of 40 years old) and because Plaintiff complained of mistreatment directed at him by Defendant Garcia y Griego.

49.     Such discrimination and/or retaliation resulted in the harm and damage described above, and these Defendants are therefore liable to Plaintiff therefor and for all of his statutory remedies, to include, but not limited to, an award of his emotional and financial damages, damages to his reputation in the community and attorneys' fees and costs incurred in the pursuit of this litigation.

50.     The conduct of these Defendants, as is described above, was intentional, willful, malicious, reckless, wanton and/or grossly negligent and was undertaken with a total disregard for Plaintiff's rights and feelings, knowing that their actions or inactions would cause Plaintiff to suffer economic loss and severe and extreme emotional distress, thereby entitling Plaintiff to an additional award of punitive damages to punish these Defendants and to deter the State of New Mexico and

24

its Governor, agencies, departments and/or employees from considering similar reprehensible and illegal misconduct.

**WHEREFORE**, on Count II, Plaintiff requests that judgment be entered against these Defendants, jointly and/or severally, awarding him compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

**COUNT III**

**Age, Gender and Race Discrimination and Retaliation in Violation
of the New Mexico Human Rights Act, NMSA §28-1-7, *et seq*.
(Plaintiff v. All Defendants)**

51.     Plaintiff incorporates and re-alleges all allegations of this Complaint as if fully set forth herein.

52.     The New Mexico Human Rights Act, NMSA §28-1-7, *et seq*., makes it an unlawful and discriminatory practice for an employer and its supervisory employees to discriminate in the terms and conditions or privileges of employment because of a person's age, race and/or sex and/or to retaliate against an employee who has made a protected complaint, either individually or through others.

53.     The Defendants had a duty by law not to discriminate against Plaintiff because of his age (over 40) and/or sex (male) and/or race (Caucasian) nor to retaliated against Plaintiff for protected complaints advanced on his behalf.

54.     The Defendants violated this duty, as well as NMSA 1978, §28-1-7, *et seq*., by their aforementioned actions and inactions which created and perpetuated a subliminally toxic and hostile age-discriminating, race-discriminating and gender-discriminating work environment by denying

25

Plaintiff the resources necessary to perform his job duties, by retaliating against him for complaining about Defendant Garcia y Griego's discrimination against him by failing to provide him and his department with the necessary resources to enable him to perform his job duties, thus intentionally setting Plaintiff up for failure in his job performance in order to manufacture a pretext for his termination from his employment, and by retaliating against him for making a confidential complaint about his supervisor Defendant Garcia y Griego's sexual misconduct in the workplace.  At all times referenced herein, the individual Defendants involved in this conspiracy were acting under color of state law.

55.    As a direct result of the aforesaid misconduct of the Defendants, Plaintiff has suffered and will continue to suffer economic loss, embarrassment, emotional distress and suffering, humiliation, loss of his employment in his home state and other consequential damages.  Further, as a direct result of the aforesaid misconduct of the Defendants, Plaintiff has sustained a significant loss of earnings and associated damages and will continue to incur such loss into the future.

56.    The misconduct of the Defendants set forth above was intentional, willful, malicious, reckless, wanton and/or grossly negligent and was undertaken with a total disregard for Plaintiff's rights and feelings, knowing that their actions or inactions would cause Plaintiff to suffer economic loss and emotional distress, thereby entitling Plaintiff to an additional award of punitive damages to punish Defendants and to deter the Governor of the State of New Mexico and the other individual Defendants  from considering the commission of similar reprehensible and illegal misconduct in the future.

**WHEREFORE**, on Count III, Plaintiff requests that judgment be entered against Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages where

applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

## COUNT IV

### Age, Gender and Race Discrimination, Retaliation and Deprivation of Federal and State Rights in Violation of The Civil Rights Act of 1871, Title 42 of the United States Code, Sections 1981a, 1983, 2000e-2 and/or 2000e-3 (Plaintiff v. All Individual Defendants)

57.     Plaintiff incorporates in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

58.     The individual Defendants (and/or other yet-to-be-identified complicit individuals and/or co-conspirators) engaged in unlawful and intentional age, gender and/or race discrimination and/or illegal retaliation and other deprivation of federal and New Mexico state rights prohibited under 42 U.S.C., Sections 1981a, 1983 and 2000e-2 and/or 2000e-3, with malice or reckless indifference to the federal and state statutory-protected rights of Plaintiff, while acting under color of New Mexico state law.  In addition, such discrimination violated Plaintiff's rights granted to him pursuant to the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

59.     These individual Defendants (and/or other yet-to-be-identified individual enabler(s) or co-conspirator(s)) perpetrated such misconduct while acting under color of New Mexico state law and, in doing so, have deprived Plaintiff of his rights, privileges and/or immunities secured by the United States and New Mexico Constitutions and federal and state laws, including, but not limited to, the federal and state statutes cited herein and the due process and equal protection clauses of the United States and New Mexico Constitutions.

60.    Such violations of 42 U.S.C., Sections 1981a and 1983, have caused Plaintiff to suffer irreparable damage and harm as is described herein, above and below, thus causing these Defendants to be jointly and/or severally liable to Plaintiff for all such resulting harm and damage, entitling the Plaintiff to recover from these Defendants, individually, jointly and/or severally, compensatory and punitive damages and attorneys' fees.

**WHEREFORE**, on Count IV, Plaintiff requests that judgment be entered against all individual Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

### COUNT V

**Violations of the Due Process and Equal Protection Clauses of the**
**<u>Fourteenth Amendment to the United States Constitution</u>**
**(Plaintiff v. Defendants State of New Mexico, The Office of the Governor,**
**NMDCA, NMAOS, NMRMD and Yet-to-be-identified**
**New Mexico Agency(ies) and Yet-to-be-identified Co-Conspirators**

61.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

62.    The Fourteenth Amendment to the United States Constitution prohibits states from denying its citizens due process or equal protection of the laws.

63.    In the instant case, the State of New Mexico and/or The Office of the Governor and/or NMDCA and/or NMRMD and/or NMGHD and/or NMAOS and/or Yet-to-be-identified Co-conspirator individuals and/or agencies have deliberately and illegally deprived Plaintiff of due process and equal protection of the laws, which deprivations have caused Plaintiff to suffer the harm described herein.

28

64.    Accordingly, the State of New Mexico and/or The Office of the Governor and/or NMDCA and/or NMRMD and/or NMAOS and/or Yet-to-be-identified Co-conspirator individuals and/or agencies are liable to Plaintiff for all damages and harm he has suffered for thess violations of his federal constitutional rights.

**WHEREFORE**, on Count V, Plaintiff requests that judgment be entered against these Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

### COUNT VI

**Violations of the Due Process, Equal Protection and Gender/Sex/Age/Race
<u>Discrimination Clauses of the New Mexico Constitution Art. II, § 18</u>
(Plaintiff v. Defendants State of New Mexico, The Office of the Governor
and/or NMRMD and/or NMDCA and/or NMAOS and/or
Yet-to-be-identified Co-conspirator individuals and/or agencies)**

65.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

66.    Article II, Section 18, of the New Mexico Constitution prohibits states from denying its citizens due process or equal protection of the laws, to include the prohibition of gender, sex, age, race and other discrimination.

67.    In the instant case, one or more of all of the Defendants have deliberately deprived Plaintiff of due process (failure to permit him to be employed and perform his job duties without illegal discrimination as is described hereinabove) and equal protection of the laws (failure to provide him to serve his employment without unlawful mistreatment, set up for failure and pretextual targeting which his fellow employees were not subjected to nor held to account for), the

protection from which was guaranteed to Plaintiff under the New Mexico Constitution. Such deprivation of due process assumed the forms of race, gender, age, sex discrimination and denial of due process and equal protection of the rules and regulations of The Department of Cultural Affairs and New Mexico statutory and common law, and such misconduct has caused Plaintiff to suffer the harm and damage described herein.

68.    Accordingly, the State of New Mexico, The Office of the Governor, NMRMD, NMDCA and Yet-to-be-identified Co-Conspirators, all while acting under color of state law, have all jointly and/or severally violated the New Mexico Constitution and are therefore jointly and/or severally liable to Plaintiff for all damages he has sustained for this/these violation(s) of his state constitutional rights.

**WHEREFORE**, on Count VI, Plaintiff requests that judgment be entered against these Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

### COUNT VII

**Violations of the New Mexico Whistleblower Protection Act,**
**NMSA 1978, Section 10-16c-1, *et seq*.**
**(Plaintiff v. Defendants State of New Mexico, The Office of the Governor**
**and/or NMDCA and/or NMRMD and/or NMAOS**
**and/or Yet-to-be-identified Co-conspirator individuals and/or agencies)**

69.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

70.    The New Mexico Whistleblower Protection Act, NMSA 1978, Section 10-16C-1, *et seq.*, at Section 10-16C-3 provides, in part:

Section 10-16C-3. Public employee retaliation action prohibited.

A public employer shall not take any retaliatory action against a public employee because the public employee:

> A.   communicates to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act.

71.    The Plaintiff also communicated to the Defendants, via Defendant Ken Lucero, Human Resources Director of the NMDCA, the information set forth in this Complaint about the sexual misconduct of Defendant Garcia y Griego described above, which acts and/or failures to act the Plaintiff believed in good faith to be unlawful and/or improper and/or in violation of the State's code of employee conduct, express or implied (*see* "second whistleblower complaint," at para. 18 above).

72.    The Plaintiff also communicated to the Defendants

73.    As a direct consequence of Plaintiff's subject whistleblower reporting, Defendant State of New Mexico, via Defendant Lujan Grisham, Defendant Garcia y Griego, Defendant Ken Lucero and one or more yet-to-be-identified complicit Defendants, either individually or in concert with one or more of the other Defendants and/or with other state employees or agencies (Yet-to-be-identified Co-Conspirators), concocted a pretext to terminate Plaintiff from his employment with the State of New Mexico, causing him to suffer defamation, financial loss, humiliation and severe and extreme emotional distress, all in direction violation of the New Mexico Whistleblower Protection Act.

74.    All of the individual Defendants, jointly and/or severally, while acting under color of state law, conspired to perpetrate said illegal misconduct intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, thereby rendering the individual

Defendants, pursuant to 42 U.S.C., Sections 1981a and 1983, jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE** on Count VII, Plaintiff requests that judgment be entered against these Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

### COUNT VIII

**Bad Faith Breach of Department of Cultural Affairs Policy No. HR007**
**(Breach of Express and Implied Contract)**
**(Plaintiff v. Defendants Governor Lujan Grisham, Defendant Garcia y Griego,**
**Defendant State of New Mexico, The Office of the Governor and/or**
**NMDCA and/or NMRMD and/or NMAOS and/or**
**Defendant Michelle Gallagher Roberts and/or Defendant Ken Lucero**
**and/or Yet-to-be-identified Co-conspirator individuals and/or agencies)**

75.     Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

76.     Plaintiff's employment with NMDCA was governed by, among other things, the express and implied contract known collectively as Department of Cultural Affairs Policies Nos. B-1, HR007 and HR010, to which all Defendants were bound.  *See* **Policies attached as Exhibits D, E and F, respectively**.

77.     Defendants, acting under color of state law, breached the following provisions of Policy No. HR007 in bad faith: Sections 1.0 (*Purpose*); 2.0 (*Organizations Covered*); 3.0(B) (*Definitions*); 3.0(C) (*Harassment based on protected status*); 4.0 (*Policy* - A. *Zero Tolerance*; B. *Specifically, DCA prohibits the following* (paras. 1-8)(includes "bullying;" "any conduct that has the purpose or effect of creating an intimidating, hostile or offensive working environment;" "public

humiliation in any form;" and "manipulating the ability of someone to do their work."); 5.0(G) ("DCA will not in any way retaliate against an individual who reports harassment, discrimination, and/or bullying."). *See* **Exhibit E**.

78.    Such breaches by Defendants were accomplished in bad faith, with the intent to cause, and which did cause, Plaintiff to be illegally terminated, thereby causing Plaintiff to suffer severe and extreme emotional distress and financial harm.

**WHEREFORE** on Count VIII, Plaintiff requests that judgment be entered against these Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

### COUNT IX

**Bad Faith Breach of Employment Contact/Breach of the
Covenant of Good Faith and Fair Dealing
(Plaintiff v. Defendants State of New Mexico, The Office of the Governor
and/or NMDCA and/or NMRMD and/or NMAOS
and/or Yet-to-be-identified Co-conspirator individuals and/or agencies)**

79.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

80.    These Defendants, by and through each other and/or by and through other named and complicit Defendants and their perpetration of the aforesaid misconduct against the Plaintiff as is set forth above, breached the covenant of good faith and fair dealing implied in Plaintiff's contract of employment with the State of New Mexico, which breach(es) was/were authorized and approved and/or participated in and/or accomplished by Defendants State of New Mexico, The Office of the Governor and/or NMDCA and/or NMRMD and/or NMGHD and/or NMAOS, thus causing the

33

Plaintiff to suffer emotional distress and other harm, economic loss, termination of his employment, loss of back and front pay, loss of benefits and other actual and consequential damage, to include public humiliation and severe and extreme emotional distress, and these Defendants are liable to the Plaintiff therefor.

**WHEREFORE** on Count IX, Plaintiff requests that judgment be entered against these Defendants, jointly and/or severally, awarding Plaintiff compensatory and punitive damages where applicable, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as is legally available.

## COUNT X

### Intentional/Reckless Interference With Employment Contract
**(Plaintiff v. Defendants Governor Lujan Grisham; Debra Garcia y Griego; Ken Lucero; Michelle Gallagher Roberts; Ken Lucero, Director of HR at NMDCA; The Office of the Governor; and/or NMDCA; and/or NMRMD; and/or NMHSD; and/or NMAOS and/or Yet-to-be-identified Co-conspirator individuals and/or agencies)**

81.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

82.    Each and/or all of these above-named Defendants owed Plaintiff a duty not to interfere with Plaintiff's contract of employment with the State of New Mexico, including the contract embodied in Department of Cultural Affairs Policy No. HR007 (**Exhibit E**).

83.    One or more or all of these Defendants breached said duty owed to Plaintiff by engaging in the acts and/or omissions set forth in this Complaint individually and/or institutionally and while acting illegally under color of state law, thus rendering one or more or all of them liable to Plaintiff, jointly and/or severally, for all consequent harm suffered by Plaintiff.

84.    One or more or all of these Defendants perpetrated said misconduct intentionally, willfully, wantonly and/or with reckless disregard for Plaintiff's rights and feelings, therefore rendering these Defendant(s) jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE** on Count X, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for costs, back pay, interest, compensatory and punitive damages and statutory attorneys' fees where applicable and for such other and further relief as is legally available.

### COUNT XI

### Defamation
**(Plaintiff v. All Defendants)**

85.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

86.    Defendants' fabricated (and/or failed to correct when made part of Dr. Blinman's employment record and thereby conspired by their silence to defame Dr. Blinman by their tacit adoption of and consent to such defamation) numerous pretexts for the termination of Dr. Blinman, knowing them to be false and with the intent to cause Dr. Blinman harm to his good name and reputation, so that his illegal and discriminatory termination could somehow be justified.  These pretexts were embodied in the Performance Development Plan (section "Performance Deficiences") (**Exhibit G**) and were known by all of the Defendants to be false and defamatory, intentionally fabricated by them or with their tacit consent; and all of such complicit Defendants permitted **Exhibit G**, either expressly or without objection,  to be delivered to Dr. Blinman with the intent to discriminate against him because he is an older, white male, knowing that such defamation would

35

likely cause reputational and economic harm and damage to him, notwithstanding his exemplary service to the State of New Mexico, and otherwise inflict upon him severe and extreme emotional stress, all of which Dr. Blinman has accordingly suffered - and for which damages and harm all Defendants are therefore jointly and/or severally liable to Plaintiff.

**WHEREFORE** on Count XI, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for costs, back pay, interest, compensatory and punitive damages and statutory attorneys' fees where applicable and for such other and further relief as is legally available.

### COUNT XII

### Intentional Infliction of Emotional Distress
**(Plaintiff v. All Defendants)**

87.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

88.    By and through the acts and/or omissions described above, one, more and/or all of these Defendant(s), individually, institutionally or in conspiracy with one or more of each other, maliciously intended to and did, in fact, inflict upon Plaintiff severe and extreme emotional distress, for which harm all such culpable Defendant(s) are jointly and/or severally liable to Plaintiff for all of his consequent harm.

89.    One or more or all of these Defendant(s) perpetrated said infliction of emotional distress intentionally, willfully, wantonly and/or with reckless disregard for Plaintiff's rights and feelings, therefore rendering the culpable Defendant(s) jointly and/or severally liable to the Plaintiff for an additional award of punitive damages, as such may be lawfully awarded.

36

**WHEREFORE** on Count XII, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for all awardable damages, costs of litigation, back and future pay, interest, compensatory and punitive damages and statutory attorneys' fees where applicable and for such other and further relief as is legally available.

## COUNT XIII

### Negligent/Reckless/Intentional Breach(es) of Fiduciary and Other Duties
**(Plaintiff v. All Individual Defendants)**

90.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

91.    One or more or all of the individual Defendant(s) took an oath when assuming their respective offices (Oath of Officer) which is required by the New Mexico Constitution:  "Every person elected or appointed to any office shall, before entering upon his [her] duties take and subscribe to an oath or affirmation that he [she] will support the constitution of the United States and the constitution and laws of this state, and that he will faithfully and impartially discharge the duties of his office to the best of his [her] ability."  The Constitution of the State of New Mexico, Article XX, Section 1.

92.    Such oath was taken by the Governor of the State of New Mexico (Michelle Lujan Grisham) and likely by all individually-named and yet-to-be-identified individual Defendants when assuming their respective offices, thus creating a fiduciary (or other lawful) duty (to act in the best interest of the citizens of a state - the "duty" to "support the constitution of the United States and the constitution and laws of [New Mexico" and to "faithfully and impartially discharge [such] duties") owed by each of these Defendants to all citizens of the State of New Mexico, to include Plaintiff herein, in order to, among other obligations, support and follow the constitution of the United States

37

and the constitution and laws of the State of New Mexico, to include those specific obligations cited throughout this Complaint; yet, as described herein above and below, these individual Defendants, while acting under color of state law in their respective offices, negligently, recklessly and/or intentionally breached such fiduciary duty (and any other duty) they owed to Plaintiff and to the citizens of our state by committing the violations cited throughout this Complaint, thus proximately causing harm and injury to Plaintiff and to all New Mexicans, for which harm and injury they are liable to Plaintiff herein.

93.     Even if a Defendant did not take said oath to assume his or her office, nevertheless implied in their assumption of state office and state employment was his or her knowing acceptance of and obligation to comply with and fulfill the duty prescribed by said oath, which duty he or she owed to all citizens of Mew Mexico, including Plaintiff herein.

94.     Such oath of office (and/or the act of assuming office) also constituted a promise made by the individual Defendants to Plaintiff to uphold such duty owed to the citizens of New Mexico, upon which Plaintiff duly relied while engaging in her service to our state, to her ultimate detriment when such promise was breached by the Defendants as has been described hereinabove. Defendants are thereby estopped from claiming otherwise and are therefore liable to Plaintiff for all of the above-described harm she has suffered as a result of such breach(es) of duty and promise.

95.     One or more or all of these Defendant(s) perpetrated said harm intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings while acting under color of state law, therefore rendering all of the culpable Defendant(s) jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE** on Count XIII, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for costs, back pay, interest, compensatory and punitive damages and statutory attorneys' fees where applicable and for such other and further relief as is legally available.

## COUNT XIV

### Negligent and/or Reckless Interference With Employment Contract
**(Plaintiff v. All Individual Defendants)**

96.     Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

97.     One or more and/or all of the Individual Defendants have perpetrated negligent and/or reckless interference with Plaintiff's contract of employment with the State of New Mexico; and their consequent failure(s) to adhere to, abide by and enforce their duty(ies) owed to Plaintiff to insure the absence of any violation of the federal or state laws cited herein in order to insure that no harm was inflicted upon their fellow state employee, Plaintiff herein, and their interference with Plaintiff's contract of employment and breach(es) of said duty(ies) have caused Plaintiff to suffer irreparable harm, including severe and extreme emotional suffering, financial loss, loss of employment benefits and damage to his professional and personal reputation and good standing in the community.

**WHEREFORE** on Count XIV, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for costs and compensatory and punitive damages and for such other and further relief as is legally available.

## COUNT XV

### Wrongful Termination
### (Plaintiff v. State of New Mexico, *Ex Rel*.: The Office of the Governor; and/or NMDCA; and/or NMRMD; and/or NMHSD; and/or NMAOS; and/or Yet-to-be-identified Co-conspirator Agencies)

98.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

99.    Except as obstructed by Defendant Garcia y Griego, Plaintiff fully complied with all of the terms of his contract with the State of New Mexico and, in any event, was not afforded the opportunity to engage in any process of defending the fabricated allegations of wrongdoing or being afforded progressive discipline in lieu of being terminated.  *E.g.*, *see* paragraph 21 above.

100.    Plaintiff's termination was therefore unlawful, as it was in violation of the State's routine employment procedures and/or was in retaliation for Plaintiff's exercise of truth-to-power (protected whistleblower activity).

101.    In any event, Plaintiff's termination by the State of New Mexico, *ex rel.* the other Defendants named above, was premature, retaliatory and otherwise unlawful and therefore wrongful, entitling Plaintiff to compensation for his lost wages and lost benefits and for other compensatory damages (for defamation of reputation, etc.), to include damages for his associated emotional distress.

**WHEREFORE**, on Count XV, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for costs, back pay, interest, compensatory and punitive damages and statutory attorneys' fees where applicable and for such other and further relief as is legally available.

## COUNT XVI

### Civil Conspiracy
### (Plaintiff v. All Defendants)

102.    Plaintiff incorporates and re-alleges in this Count all of the allegations made throughout this Complaint as if fully set forth herein.

103.    One or more or all of these Defendant(s) conspired with one or more of the other of these Defendant(s) to discriminate against Plaintiff in the terms and conditions of Plaintiff's employment and to otherwise inflict harm upon Plaintiff via the tortious misconduct described hereinabove.

104.    Such conspiracy has caused Plaintiff to suffer emotional distress and financial harm, for which all of the culpable Defendant(s) are jointly and/or severally liable.

105.    One or more or all of these complicit Defendant(s) perpetrated said conspiracy intentionally, willfully, wantonly and/or with reckless disregard for the Plaintiff's rights and feelings, therefore rendering such Defendant(s) jointly and/or severally liable to the Plaintiff for an additional award of punitive damages.

**WHEREFORE**, on Count XVI, the Plaintiff prays that judgment be entered against these Defendants, jointly and/or severally, in an amount to be determined by the jury, for costs, back pay, interest, compensatory and punitive damages and statutory attorneys' fees where applicable and for such other and further relief as is legally available.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: _____
     Merit Bennett, *Esq*.
     460 St. Michael's Drive, Suite 703
     Santa Fe, New Mexico 87505
     Ph: 505-983-9834 | Fax: 505-983-9836
     Email: mb@thebennettlawgroup.com
     *Attorney for Plaintiff Eric Blinman*

### JURY DEMAND

Plaintiff hereby demands that all issues hereinabove be tried to a jury of six (6) persons.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: _____
     Merit Bennett, *Esq*.
     460 St. Michael's Drive, Suite 703
     Santa Fe, New Mexico 87505
     Ph: 505-983-9834 | Fax: 505-983-9836
     Email: mb@thebennettlawgroup.com
     *Attorney for Plaintiff Eric Blinman*