IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. ERIC BLINMAN,

        Plaintiff,

v.                                  Case No. 1:23-cv-00431-KG-JMR

GOVERNOR MICHELLE LUJAN GRISHAM, *et al.*,

        Defendants.

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF
DEFENDANT GOVERNOR MICHELLE LUJAN GRISHAM**

**COMES NOW** the Plaintiff, by and through his counsel, Merit Bennett of The Bennett Law Group, LLC, and hereby moves for an order compelling Defendant Governor Michelle Lujan Grisham (hereinafter "Defendant", "Governor" or "Lujan Grisham") to appear to submit to a deposition before a court reporter, under oath, and, as grounds therefor, states:

**BACKGROUND**

1.      Plaintiff Dr. Blinman has asserted causes of action in his complaint for gender, age and race discrimination and illegal retaliation in violation of the United States Civil Rights Act of 1964 and the New Mexico Human Rights Act; for violation of the New Mexico Whistleblower Protection Act; and for bad faith breach of New Mexico Department of Cultural Affairs (NMDCA) Policy No. HR007 and of Plaintiff's employment contract with the State of New Mexico.

2.      Individual Defendants named in the action at all times relevant herein were Governor Michelle Lujan Grisham, NMDCA Cabinet Secretary Garcia y Griego, Deputy Secretary Michelle Gallagher Roberts and State Director of Human Resources Ken Lucero.

3.      Counsel for the parties attended a status conference before United States Magistrate Judge, the Honorable Jennifer M. Rozzoni, on September 4, 2024.

4. At that time, Counsel for Defendants "represented that defendants would like initial discovery before having a settlement conference." (Clerk's Minutes for proceedings before Magistrate Judge Rozzoni Status Conference held on 9.4.24 [ECF 40]).

5. Later that same day, undersigned counsel for Plaintiff emailed Defense Counsel requesting clarification regarding Defendants' position and requesting dates for depositions of Defendants, as well as proposing earlier settlement negotiations. After no immediate response, a follow-up email was sent to Defense Counsel two days later on September 6, 2024. After no response to this email, a follow-up call was subsequently made by undersigned counsel on September 8, 2024.

6. After the call, Defense Counsel responded via email indicating they would check with their clients regarding early mediation dates and deposition availability. In an effort to begin exchanging available dates for depositions, another follow-up email was sent to Defense Counsel on September 13, 2024.

7. Finally, on September 16, 2024, Defense Counsel responded, indicating their clients' desire to maintain the January 30, 2025, settlement conference date <u>and</u> their **refusal to produce Defendant Governor Lujan Grisham for deposition**. No deposition dates for any of the other Defendants were provided. *See* 09/04/2024 - 09/16/2024 email thread attached as **Exhibit A**.

8. On September 26, 2024, counsel engaged in yet another email exchange, with Plaintiff's counsel once again requesting dates for the depositions of the individual Defendants. *See* 09/26/2024 email thread attached as **Exhibit B**.

9. Plaintiff's first discovery requests were sent to Defendants on October 21, 2024.

10. On November 20, 2024, Defense Counsel requested an extension to respond to those discovery requests, which undersigned counsel granted **while also once again requesting the scheduling of Defendants deposition dates in advance of the January 30, 2025, Settlement Conference**. At that time, Defense Counsel doubled-down on their refusal to produce Defendant Governor Lujan Grishman for deposition, indicating that "we are not going to produce the Governor for a deposition in this matter, given that she had no role in any of the events that give rise to Mr. Blinman's complaint(s). If that is an issue you want to get before the Court, sooner is probably better," further failing to provide dates for the other individual defendants and essentially suggesting that Defense Counsel was too busy to do so, but yet again indicating that they would check with their clients. *See* 11/20/2024 email thread attached as **Exhibit C**.

11. To date, Defense counsel has not retracted their refusal to permit the deposition of Defendant Lujan Grisham.

## ARGUMENT

12. This motion essentially arises from defense counsel's refusal to produce Defendant Lujan Grisham for deposition, asserting unilaterally and without any legal basis that such testimony would be uninformative and irrelevant to Plaintiff's claims.

13. Defense counsel has maintained that Defendant Governor Lujan Grisham need not be produced for deposition "given that she had no role in any of the events that give rise to Mr. Blinman's complaint(s)." Again *see* 11/20/2024 email thread attached as **Exhibit C**. However, defense counsel has not filed a Motion to Dismiss on behalf of said Defendant in response to the allegations of the Complaint and instead filed an Answer to the Complaint, thereby tacitly admitting that said Defendant had been legitimately named (with legally-sufficient allegations) as a defendant -

3

because defense counsel pro-actively answered the allegations of the Complaint on Defendant Governor Lujan Grisham's behalf (instead of immediately filing a motion to dismiss her from the proceedings), thereby committing the Governor, as a named and answering party, to participate in the conduct of discovery.

14. Defense Counsel did not move to dismiss the complaint filed against Defendant Governor Lujan Grisham and instead filed an Answer to Plaintiff's complaint on her behalf, thereby actively responding to all of the allegations of the complaint which belies (and thereby waives) her assertion of "non-involvement" and permits Plaintiff to question her responses under oath. Accordingly, Defense Counsel have tacitly consented to the submission of their client to deposition to be questioned about her responses to the allegations made in Plaintiff's complaint. By affirmatively answering Plaintiff's complaint, Defendant Lujan Grisham has therefore waived any defense she might have to being deposed under oath, and therefore is required to submit to a deposition under oath.

15. Apart from and in addition to the Governor's tacit agreement to participate in the litigation as a named defendant, multiple critical letters to Defendant Governor Lujan Grishman about Dr. Blinman's unlawful termination (from numerous community members and from Co-Defendant Lucero) have been discovered by Plaintiff's counsel (interestingly, these letters have not been produced by Defendants, even though they were clearly required to be produced in their Initial Disclosures), reveal Defendants' repetitive discovery document production response objections to be false, obviously intended to enable a cover-up; and therefore, Defendants are not entitled to raise any excuses (or objections to production) for any of their failures to produce relevant documents or to answer relevant questions.

16. Following his unlawful termination, a letter dated February 20, 2023, signed by hundreds of Dr. Blinman's supporters, petitioned the Defendant Governor to reinstate Dr. Blinman and to withdraw Defendant Garcia y Griego's nomination to serve in her position for a second term, because it was clear to the public and other state government employees that Dr. Blinman had been wrongfully and illegally terminated and that Defendant Garcia y Griego was primarily and wrongfully responsible, with the apparent backing of Governor Lujan Grisham, who failed to immediately order that an investigation of Dr. Blinman's illegal termination be conducted and to immediately reinstate him to his employment with the state while such investigation was being undertaken. *See* BLINMAN 000569-000581 attached as **Exhibit D**.

17. Another letter dated February 21, 2023, authored by Carmella Padilla, also appealed to the Defendant Governor with concerns regarding the actions of DCA management following Dr. Blinman's termination. *See* BLINMAN 000582-000583 attached as **Exhibit E**.

18. Plaintiff maintains that, based upon these two letters alone, the Defendant Governor should have immediately ordered an investigation to be conducted to determine the real basis for Dr. Bliman's termination and should have reconsidered, and ultimately withdrawn, Defendant Garcia y Griego's nomination for a second term. Defendants have admitted in their own disclosures that no such action was taken.

19. Instead of responsibly responding to the outcry of literally hundreds of other members of her administration and of the public concerning the mismanagement and discriminatory misconduct of Defendant Garcia y Griego, the Governor wrongfully chose to continue to endorse and thereby give fruition to the petty, and illegal, machinations of Defendant Garcia y Griego's discriminatory intent directed toward Plaintiff, in violation of the Governor's statutory duty of

governmental oversight to insure that Dr. Blinman's civil and statutory rights were not being violated.

20. This breach of duty was furthered when the Defendant Governor failed to act yet again on the subsequent January 4, 2024, warning letter of her Human Resources Director, Co-Defendant Ken Lucero. Defendant Lucero sent the Governor a letter after the Complaint was filed, implicating the Governor with knowledge about the facts surrounding Plaintiff's termination and thereby requiring her to submit to a deposition in order to answer questions about her failure to investigate the legality of Dr. Blinman's termination by Defendant Garcia y Griego. *See* January 4, 2024, warning letter of Human Resources Director Defendant Lucero to Defendant Lujan Grisham (BLINMAN 000598-000607), attached as **Exhibit E**.

21. Plaintiff seeks to depose the Governor to obtain information regarding her oversight duties, decision-making processes and potential involvement in and ultimate knowledge of the legitimacy of the "basis" for the termination of Dr. Blinman's employment as the Director of the State of New Mexico Office of Archeological Studies Division by his superior, Defendant Garcia y Griego, Director of the Department of Cultural Affairs, which Plaintiff alleges was carried out with discriminatory and/or improper motives, in violation of Plaintiff's state and federal civil and whistleblower rights and in breach of Plaintiff's contract of employment with, and the employment policies of, the State of New Mexico.

22. The Governor's executive oversight duties extend to ensuring that state employees' civil rights are not violated and that terminations of employment, especially those of prominent public servants who have devoted many years of extraordinary and consequential service to the State of New Mexico, are lawful, for good cause and free from bias or improper influence. The Governor

failed to exercise these oversight duties in good faith and thereby failed to prevent or reverse the personally motivated, patently illegal and bad faith termination of Dr. Blinman, executed by Defendant Garcia y Griego in violation of Dr. Blinman's civil, statutory, contract and common law rights.

23. Notwithstanding defense counsel's email communication refusing to permit Defendant Lujan Grisham to be deposed, defense counsel did not file a Motion for Protective Order to block the oral deposition of Defendant Lujan Grisham nor has defense counsel filed a Motion to Dismiss the Complaint filed against the Governor. In fact, counsel for Defendant Lujan Grisham, instead of moving to dismiss the Complaint filed against her client, proactively filed her client's Answer to Plaintiff's Complaint (Document 48), failing to affirmatively deny Plaintiff's allegations and thereby putting all of those allegations into dispute, all of which entitles Plaintiff to question Defendant Lujan Grisham under oath concerning the basis for her denials of each of the fact statements appearing Plaintiff's Complaint and to question said Defendant concerning her relevant failure(s) to fulfill the duties of her office in order to protect Plaintiff from illegal discrimination and whistleblower retaliation and from other associated violations of federal and state laws.

## LEGAL BASIS

### I. PLAINTIFF IS ENTITLED TO DISCOVERY UNDER RULE 1-026(B)(1) NMRA

24. Rule 1-026(B)(1) NMRA permits discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Relevant information includes anything reasonably calculated to lead to the discovery of admissible evidence.

25. The deposition of the Governor is relevant to determining:

      a. The reasons for her failure to investigate Dr. Blinman's termination (or, if there was any investigation, to determine its scope, its results and the conclusions drawn therefrom);

      b. Her oversight role in ensuring compliance with anti-discrimination and other state and federal laws and her performance of that role in this instance; and

      c. Whether personal relationships, discriminatory bias or illegal retaliation influenced the decision to terminate Plaintiff and/or the failure of the Governor to perform any investigation or reversal of that decision.

26. These matters are central to Plaintiff's claims and are potentially relevant to the improper/illegal activity of all involved state officials.

## II. THE GOVERNOR IS NOT SHIELDED FROM DEPOSITION

27. Defendants seek to deprive Plaintiff of discovery concerning the Governor's personal relationship with Garcia y Griego and whether this personal relationship dissuaded the Governor from engaging in her duties of oversight. While courts may afford limited protection to high-ranking government officials, such protections do not apply where the official has personal knowledge of relevant facts. *See United States v. Morgan*, 313 U.S. 409, 421 (1941); Courts generally permit discovery where relevant facts are in the exclusive control of the opposing party or where facts must be developed as to motive, intent, knowledge or credibility. *See Herbert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *Schoenbaum v. Firstbrook*, 405 F.2d 215 (2d Cir. 1968) (*en banc*), *cert. denied*, 395 U.S. 906, 89 S.Ct. 1747, 23 L.Ed.2d 219 (1969); *Ammerman v. Hubbard Broadcasting, Inc.*, 91 N.M. 250, 572 P.2d 1258 (Ct.App.), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978).

28. Plaintiff has a right to examine a defendant fully and exhaustively. Such a right is fundamental to our system of jurisprudence. *See Griego v. Grieco*, 90 N.M. 174, 561 P.2d 36

(Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). The discretion granted to the trial court under Rule 26 to issue protective orders must be read in the light of the purpose of these rules, which is to permit discovery. *See Salitan v. Carrillo*, 69 N.M. 476, 368 P.2d 149 (1961).

29. Plaintiff's allegations directly implicate the Governor's knowledge, actions and potential biases. The Governor's testimony is critical and cannot be obtained from other sources.

### III. DEFENDANTS' UNILATERAL DETERMINATION IS IMPROPER

30. Defendants cannot unilaterally decide the relevance or scope of deposition testimony based upon their definition of "relevancy." Such determinations are for the Court to decide. The deposition rules intend a liberal pretrial discovery in order to enable the parties to obtain the fullest possible knowledge of the facts before trial; although a trial court's decision to limit discovery will not be disturbed except for an abuse of discretion, ***the presumption is in favor of discovery.*** The general rule governing discovery is toward liberality rather than limitations. *Ruiz v. Southern Pac. Transp. Co.*, 1981-NMCA-094, 97 N.M. 194, 638 P.2d 406. The pretrial discovery rules, including this rule, intend a liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial. As to all issues made by the pleadings in the case, plaintiff has the right to examine defendant fully and exhaustively; such a right is basically fundamental to our system of jurisprudence, and no court has power to restrict or limit it. *Griego v. Grieco*, 1977-NMCA-018, 90 N.M. 174, 561 P.2d 36 (decided before 1979 amendment).

31. The term "relevant" is subject to a broad interpretation, as it is generally used in the discovery context. *United Nuclear Corp. v. General Atomic Co.*, 1980-NMSC-094, 96 N.M. 155, 629 P.2d 231, appeal dismissed, 451 U.S. 901, 101 S. Ct. 1966, 68 L. Ed. 2d 289 (1981).

**IV. THE REQUEST IS PROPORTIONAL AND NOT UNDULY BURDENSOME**

32. The deposition seeks factual information regarding the Governor's bases for non-action related to the obviously improper termination of Plaintiff by the head of the Department of Cultural Affairs. Plaintiff is entitled to an Order to Compel this deposition pursuant to Rule 1-037 NMRA, and Plaintiff is entitled to an award of attorneys' fees pursuant to Rule 1-037A(4).

33. Plaintiff's counsel has made a good faith effort to consult with defense counsel to complete these depositions, without success.

**WHEREFORE**, Plaintiff respectfully requests this Court to compel Defendant Lujan Grisham to appear and give oral testimony under oath at a time convenient to the parties and counsel, for a length of time at least seven (7) hours (10 hours total on successive days is hereby requested) to be determined by the Court, and to grant Plaintiff an award of attorneys' fees in connection with compelling Defendant Lujan Grisham's deposition and/or to grant any other and further relief as the Court shall deem to be just and proper.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: /s/ Merit Bennett
Merit Bennett, *Esq.*
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Plaintiff Dr. Eric Blinman*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>SERPE ANDRES, PLLC
>2540 El Paseo, Suite D
>Las Cruces, New Mexico 88001
>Ph: 575-288-1453
>Hope Pendleton, *Esq*.
>Email: hpendleton@serpeandrews.com
>Cody Rogers, *Esq*.
>Email: crogers@serpeandrews.com
>*Attorneys for State Defendants*
>
>and
>
>Nick Autio. Esq.
>NM Local Government Law, LLC
>6121 Indian School Road NE, Suite 202
>Albuquerque, New Mexico 87110
>Ph: 505-889-0983
>Email: nick@nmlgl.com
>*Attorney for Defendant Ken Lucero*

  /s/ Merit Bennett
Merit Bennett, *Esq*.
*Attorney for Plaintiff*