IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. ERIC BLINMAN,

        Plaintiff,

v.                                                                     Case No. 1:23-cv-00431-KG-JMR

GOVERNOR MICHELLE LUJAN GRISHAM, *et al.*,

        Defendants.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT GOVERNOR MICHELLE LUJAN GRISHAM**

**COMES NOW** the Plaintiff, by and through his counsel, Merit Bennett of The Bennett Law Group, LLC, and hereby submits this *Reply In Support of Plaintiff's Motion to Compel the Deposition of Defendant Governor Michelle Lujan Grisham* [Doc. 66], and, as grounds therefor, states:

**BACKGROUND**

1. The subject lawsuit is brought on the basis of the legality and legitimacy of the termination of Plaintiff Dr. Blinman's employment as the Director of the State of New Mexico Office of Archeological Studies Division.

2. Said termination was accomplished by Dr. Blinman's superiors, under the instruction of Defendant Cabinet Secretary Garcia y Griego and Deputy Secretary Gallgher-Roberts, which Plaintiff alleges was carried out with discriminatory and/or improper motives, in violation of Plaintiff's state and federal civil and whistleblower rights and in breach of Plaintiff's contract of employment with, and the employment policies of, the State of New Mexico.

3. Said termination process went unchecked by Defendant Governor Lujan Grisham in completed disregard of the duties assigned to her position in accordance with the New Mexico Constitution and reiterated by the Secretary of State in the State's public website, as follows:

> New Mexico Constitution, Article V - Executive Department, § 4 Governor's executive power; commander of militia.
>
> **"The supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed. ..."**
>
>  and
>
> Governor's Duties | Maggie Toulouse Oliver - New Mexico Secretary of State
>
> **"The Governor of New Mexico holds the supreme executive power of the state and sees that laws are faithfully executed."**

4. Plaintiff maintains that the Governor's executive oversight duties extend to ensuring that state employees' civil rights guaranteed under the laws of this state and of the United States are not violated.

5. Plaintiff further maintains that the Governor failed to exercise these oversight duties in good faith in this matter and thereby failed to prevent or reverse the personally-motivated, patently-illegal and bad faith termination of Dr. Blinman, as was executed by co-Defendants Garcia y Griego and Gallagher Roberts in violation of Dr. Blinman's civil, statutory, contract and common law rights.

**LEGAL BASIS/ARGUMENT**

**Plaintiff Is Entitled to Discovery under Rule 1-026(b)(1) NMRA**

    **Relevant**

    6.    Rule 1-026(B)(1) NMRA permits discovery of "any matter, not privileged, which is **relevant to** the subject matter involved in the pending action." "Relevant" information includes anything reasonably calculated to lead to the discovery of admissible evidence. The term "relevant" is subject to a broad interpretation, as it is generally used in the discovery context. *United Nuclear Corp. v. General Atomic Co.*, 1980-NMSC-094, 96 N.M. 155, 629 P.2d 231, appeal dismissed, 451 U.S. 901, 101 S. Ct. 1966, 68 L. Ed. 2d 289 (1981)

    7.    Defendants cannot unilaterally decide the relevance or scope of deposition testimony or production of evidence based upon their own definition of "relevancy." Such determinations are for the Court to decide. The deposition rules intend a liberal pretrial discovery in order to enable the parties to obtain the fullest possible knowledge of the facts (and free trial evidence) before trial; although a trial court's decision to limit discovery will not be disturbed except for an abuse of discretion, **the presumption is in favor of discovery**. The general rule governing discovery is toward liberality rather than limitations. *Ruiz v. Southern Pac. Transp. Co.*, 1981-NMCA-094, 97 N.M. 194, 638 P.2d 406. **Plaintiff has the right to examine defendant fully and exhaustively; such a right is basically fundamental to our system of jurisprudence, and no court has power to restrict or limit it.** *Griego v. Grieco*, 1977-NMCA-018, 90 N.M. 174, 561 P.2d 36 (decided before 1979 amendment).

**Reasonably Calculated**

8. The information sought by Plaintiff's counsel is "reasonably calculated" to lead to the discovery of admissible evidence under Rule 1-026(b)(1) NMRA.

9. Plaintiff seeks to depose the Defendant Governor to obtain information regarding her oversight duties, decision-making processes, her actual knowledge and the reasons for her failure to intervene and/or execute her oversight duties with regard to the violations of law alleged in the subject lawsuit.

**Applicable Extraordinary Circumstances**

10. While courts may afford limited protection to high-ranking government officials, **such protections do not apply where the official has personal knowledge of relevant facts**. *See United States v. Morgan*, 313 U.S. 409, 421 (1941),.

11. With regard to the "extraordinary circumstances test," Plaintiff asserts:

(1) while Defendant Governor maintains that she had no first-hand knowledge related to Plaintiff's claims, Plaintiff has demonstrated that there are multiple instances proving the Governor's personal knowledge of the relevant facts, including:

    a. Plaintiff's termination letter (Third Amended Complaint, Exhibit H [EFC 21-8]) though signed by Defendant Gallagher Roberts, the letter was issued specifically on the Governor's own letterhead, thereby suggesting the Governor's approval of its use for said purpose.

    b. Defendant Garcia y Griego admitted in her discovery response that "Defendant Garcia y Griego states she discussed Plaintiff's termination with ...Teresa Casados with the Governor's office". *See* **Exhibit A**.

    c. Multiple critical letters were addressed and sent directly to Defendant Governor Lujan Grishman about Plaintiff's unlawful termination, including letters from prominent members of the administration and many members of

    the public (Motion to Compel Deposition, Exhibits D and E [EFC 66-4 and 66-5]), and

  d. a letter from Co-Defendant Ken Lucero, Human Resources Director, specifically warning her of illegal discrimination/retaliation (Motion to Compel Deposition, Exhibit D [EFC 66-6]).

Each of these facts demonstrates that the Defendant Governor had personal knowledge of Plaintiff's termination and very well knew about Plaintiff's claims, and their governmental significance, requiring her to investigate the reasons for Plaintiff's termination after over 20 years of his acclaimed service to the state of New Mexico. Defendant Lucero sent the Governor a letter after the Complaint was filed, thereby implicating the Governor with knowledge about the facts surrounding Plaintiff's termination, which should have invoked her duty to investigate.

(2) The deposition seeks factual information regarding the Governor's bases for non-action related to the obviously improper termination of Plaintiff by the head of the Department of Cultural Affairs, especially in the face of the outcry of literally hundreds of other members of her administration and of the public concerning the mismanagement and discriminatory misconduct of Defendant Garcia y Griego. The deposition of the Defendant Governor is expected to lead to the discovery of relevant facts which are exclusively in her control and which are expected to show motive, intent, knowledge and proof of actual malice and/or discriminatory intent on the part of the individually-acting Defendants, for which Defendant Governor is ultimately responsible for ensuring that they act within the law while serving the state of New Mexico.

(3) the deposition is essential to the Plaintiff's case, as the deposition of the Governor is relevant to determining:

> a. The reasons for her failure to investigate Dr. Blinman's termination (or, if there was an investigation, to determine its scope, its results and the conclusions drawn therefrom);
>
> b. Her oversight role in ensuring compliance with anti-discrimination and other state and federal laws and her performance of that role in this instance; and,
>
> c. Whether any personal relationships, discriminatory bias or illegal retaliation influenced the decision to terminate Plaintiff and/or the failure of the Governor to perform any investigation or reversal of that decision, especially in view of the Plaintiff's years of service to the State, and his overwhelming support for members of her own government and the public in recognition of his exemplary service to the State.

These matters are central to Plaintiff's claims and are potentially relevant to the improper/illegal activity of all involved state officials, including especially the named Defendants.

(4) the Defendant Governor is the only appropriate party to provide testimony regarding her motive, intent and knowledge with regards to her decision-making processes and her apparent failure to execute her oversight duties.

12.   Plaintiff has a right to examine a defendant fully and exhaustively. Such a right is fundamental to our system of jurisprudence. *See Griego v. Grieco*, 90 N.M. 174, 561 P.2d 36 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). The discretion granted to the trial court under Rule 26 to issue protective orders must be read in the light of the purpose of these rules, *which is to permit discovery*. *See Salitan v. Carrillo*, 69 N.M. 476, 368 P.2d 149 (1961).

**Testimony Cannot Be Obtained From An Alternative Source**

13.     Plaintiff's allegations directly implicate the Governor's knowledge, actions, failures to act and potential biases. The Governor's testimony is critical to Plaintiff's claims and the information to be gleaned from her testimony cannot be obtained from other sources.

**WHEREFORE**, Plaintiff respectfully requests this Court to compel Defendant Lujan Grisham to appear and give oral testimony under oath at a time convenient to the parties and counsel, to be determined by the Court, and to grant Plaintiff an award of attorneys' fees in connection with compelling Defendant Lujan Grisham's deposition and/or to grant any other and further relief as the Court shall deem to be just and proper.

    Respectfully submitted,

    THE BENNETT LAW GROUP, LLC

By: /s/ Merit Bennett
    Merit Bennett, *Esq.*
    460 St. Michael's Drive, Suite 703
    Santa Fe, New Mexico 87505
    Ph: 505-983-9834 | Fax: 505-983-9836
    Email: mb@thebennettlawgroup.com
    *Attorney for Plaintiff Dr. Eric Blinman*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25 day of February, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>SERPE ANDRES, PLLC
>2540 El Paseo, Suite D
>Las Cruces, New Mexico 88001
>Ph: 575-288-1453
>Hope Pendleton, *Esq*.
>Email: hpendleton@serpeandrews.com
>Cody Rogers, *Esq*.
>Email: crogers@serpeandrews.com
>*Attorneys for State Defendants*

>and

>Nick Autio. Esq.
>NM Local Government Law, LLC
>6121 Indian School Road NE, Suite 202
>Albuquerque, New Mexico 87110
>Ph: 505-889-0983
>Email: nick@nmlgl.com
>*Attorney for Defendant Ken Lucero*

 /s/ Merit Bennett
Merit Bennett, *Esq*.
*Attorney for Plaintiff*