IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERIC BLINMAN,**

    **Plaintiff**

v.                                                                          No. 1:23-cv-00431-KG-JMR

**GOVERNOR MICHELLE LUJAN GRISHAM, et al.,**

    **Defendants.**

### STATE DEFENDANTS' RESPONSE TO PLAINITFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS AND FOR SANCTIONS, INCLUDING AN AWARD FOR ATTORNEY'S FEES AND COSTS

COME NOW State of New Mexico, New Mexico Department of Cultural Affairs ("DCA"), Office of Archaeological Studies ("OAS"), Governor Michelle Lujan Grisham, DCA Cabinet Secretary Garcia y Griego, and DCA Deputy Secretary Michelle Gallagher Roberts, (collectively "State Defendants") by and through their counsel of record, SERPE ANDREWS, PLLC (Cody R. Rogers and Hope Pendleton), and hereby submit this Response in Opposition to *Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Production of Documents and for Sanctions Including an Award for Attorney's Fees and Costs ("Motion")*, stating as follows:

### I.     INTRODUCTION

In this action, Plaintiff asserts allegations of gender, race, and age discrimination, retaliation, breach of contract, and violations of the whistleblower protection act in relation to his employment and termination. *See generally* Third Amended Complaint. Plaintiff has named State of New Mexico, New Mexico Department of Cultural Affairs ("DCA"), Office of Archaeological Studies ("OAS"), Governor Michelle Lujan Grisham, DCA Cabinet Secretary Garcia y Griego, and DCA Deputy Secretary Michelle Gallagher Roberts, and former DCA Human Resources Director Ken

1

Lucero in this lawsuit. *Id.* State Defendants generally deny Plaintiff's claims in his Third Amended Complaint.

In his untimely Motion, Plaintiff requests that State Defendants be compelled to go through an onerous search through State Defendants' email accounts to respond to his wildly overbroad discovery request for "all documents, correspondence or communications, including emails, text messages or audio/video recordings, whether personal or professional, between or among any person(s), which directly references, references by implication, and/or is believed to relate to or is related to the Plaintiff", which also contains three additional subcategories of additional requested items. *See* Doc. 81-1, RFP No. 2. RFP No. 2 contains no limitations as to time or subject matter beyond references to Plaintiff. By way of example, in order to address the email component of this request alone and limiting it only to the Department of Cultural affairs (which RFP No. 2 as propounded does not do) State Defendants would be required to review over 115,000 emails that include Plaintiff Eric Blinman's name in the email. Ex. 1, Compton Aff. ¶ 3. More specifically, Defendant Cabinet Secretary Garcia y Griego has over 13,000 emails that include Plaintiff's name and Defendant Michelle Gallagher Roberts has over 19,000 emails that include Plaintiff's name. *Id.* ¶¶ 4-5. The remainder are emails in the DCA system that include the term "Eric Blinman". *Id.* Manual review of these emails would then be required to determine if they are responsive and ensure documents are responsive, not privileged, and do not contain private and confidential third-party information. These efforts are related to only one category of responsive information (emails), and do not touch upon the efforts that would be required to search for "all documents, correspondence or communications, including…text messages or audio/video recordings." Doc. 81-1, RFP No. 2.

Plainly, this request is too onerous and disproportionate to Plaintiff's needs in this case. Blinman was an employee of the State of New Mexico for nearly twenty years. This is a relatively straightforward wrongful termination lawsuit involving a finite universe of individuals with any involvement at all in the decision to terminate Plaintiff's employment. Rather than limit his request accordingly, Plaintiff is demanding that State Defendants search through every conceivable type of material for an unlimited time period with no constraints on subject matter in order to respond to his discovery request. State Defendants objected to plaintiff's request on these and other grounds and indicated that they would consider responding if Plaintiff would agree to narrow his request. Ex. 2, pp. 3, 6, 8. State Defendants attempted to meet and confer with Plaintiff's counsel to determine how to limit the scope of the search for "documents" relevant to Plaintiff's claims. *Id.* Plaintiff initially agreed to limit the time period associated with his requests to ten (10) years and then reduced that period to four (4) years. However, after some initial discussion of limiting the scope of the request by utilizing key words to narrow the scope of the request, plaintiff reversed course and insisted that State Defendants respond to his unlimited request. Plaintiff's request is unreasonable and not in good faith as required by the Federal Rules of Civil Procedure. Accordingly, State Defendants respectfully request that the Court deny Plaintiff's Motion as a result. An examination of the circumstances surrounding this motion demonstrates that Plaintiff's Motion and the relief sought is unwarranted and unnecessary.

## ARGUMENT

### I.     Standard of Review

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); See also *Employbridge, LLC v. Riven Rock Staffing, LLC*, 2017 U.S. Dist. LEXIS 11605, *5 (D.N.M. Jan. 26, 2017) (unpublished); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) ("a

3

party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party'…may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues"). "Relevance [of discovery requests] has never been the only consideration under Rule 26." *Pertile v. GM, LLC*, 2016 U.S. Dist. LEXIS 34674, *9 (D. Colo. Mar. 17, 2016) (unpublished) (citing FED. R. CIV. P. 26(b)(1); *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1184 (10th Cir. 2009)). Indeed, the "legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corr. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005) (citation omitted). Rather, discovery "is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Id.* (citation omitted).

Federal Rule of Civil Procedure 37(a) allows a party seeking discovery to "move for an order compelling ... discovery" after noticing other parties and all affected persons and making a good faith effort to confer with the party or person from which discovery is sought. Fed. R. Civ. P. 37(a)(1). Grounds to compel include failing to answer an interrogatory posed under Rule 33 or produce a document requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). A response to a request for production of documents is incomplete where it omits documents that the responding party has practical ability to obtain. See *Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 382 (D.N.M. 2018); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007). Although the scope of discovery in the federal rules is broad, "broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir. 1995)(internal quotation marks

omitted). A district court, however, is not "required to permit [a party] to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 2002 WL 1608456, 43 F. App'x 214, 217 (10th Cir. July 22, 2002); see *Tottenham v. Trans World Gaming Corp.,* No. 00 Civ. 7697(WK), 2002 U.S. Dist. LEXIS 11313, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (unpublished) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." (internal quotation marks omitted)); *Hardrick v. Legal Servs. Corp.,* 96 F.R.D. 617, 618 (D.D.C. 1983) (noting that courts do, and should, remain "concerned about fishing expeditions, discovery abuse[,] and inordinate expense involved in overbroad and far-ranging discovery requests" (internal quotation marks omitted)); *Strobel v. Rusch*, 2020 U.S. Dist. LEXIS 248004, *4-6 (D.N.M. 2020) (unpublished).

## II.     Plaintiff's Motion to Compel is Untimely

State Defendants served their discovery responses on December 11, 2024. On December 27, 2024, Plaintiff sent his "objections to Defendants' responses to Plaintiff's first discovery requests", which plaintiff apparently believed was a demand for supplementation. *See* Doc. 81-1, pp. 1. On January 17, 2024, Defendants responded to Plaintiff's "objections" and reiterated its own objections to plaintiff's discovery requests. *See* Doc. 81-3. Plaintiff filed his Motion to Compel on February 25, 2025. *See* Doc. 81. Pursuant to D.N.M.LR-Civ. 26.6, plaintiff was required to file a motion to compel within 21 days of receipt of State Defendants' objections, or no later than January 1, 2025.[1]  "Failure to proceed within this time period constitutes acceptance of the objection." *Id.*  Plaintiff never requested or received an extension of time to proceed with a motion to compel, either from State Defendants or the Court. Nor can Plaintiff demonstrate the requisite

---

[1] This deadline would have been extended to January 2, 2025, due to the holiday.

"good cause" to enlarge the deadline. While State Defendants were willing to work with Plaintiff to try to narrow his discovery requests, that good faith participation in the discovery process does not excuse plaintiff from complying with applicable rules or seeking an extension of time to do so. Accordingly, plaintiff's Motion to Compel should be denied.

### III. The Motion to Compel Should be Denied due to the Failure of Plaintiffs' Counsel to Engage in a Good Faith Attempt to Resolve his Purported Discovery Dispute without Court Intervention.

Fed. R. Civ. P. 37 requires that a party with a discovery complaint should engage in a good faith attempt to resolve the dispute before requesting the intervention of the court. See Fed. R. Civ. P. 37(a)(1). Plaintiff has failed to comply with the requirements of this rule. It is well-established that a party is required to seek a conference regarding discovery disputes prior to seeking Court intervention. *Id.* (a motion to compel must include a certification that "counsel has made a good faith effort to resolve the issue with opposing counsel prior to filing a motion to compel discovery"); see also, e.g., *Atlas Resources v. Liberty Mut. Ins. Co.*, 297 F.R.D. 482, 485 (D.N.M. 2011) ("Rule 37(a)(1) requires parties to confer in good faith prior to filing a motion to compel") (emphasis supplied). To confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together." *Zuniga v. Bernalillo Cnty.*, 2013 WL 3328692, *1 (D.N.M. March 21, 2013) (unpublished) (quoting *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)). Trial courts encourage and expect this sort of discovery cooperation among counsel. *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Ins. Co.,* 256 F.R.D. 134, 136 (S.D.N.Y. 2009) (Peck, M.J.). ("Of course, the best solution in the entire area of electronic discovery is cooperation among counsel.").

In this case, State Defendants agreed to provide requested documents once Plaintiff limited the request to a reasonable time and scope. Ex. 3, Relevant Portions of Def. Resp. to Pl. Rule 37 Letter.

6

Plaintiff agreed to limit the time to a four year rather than 10-year period of time and agreed to limit the scope to include "correspondence referring or relating to Plaintiff's job performance, disciplinary actions, follow-up and termination." Doc. 81, p. 2. After limiting this request, State Defendants found that due to the volume of emails in their possession that mention Plaintiff's name, this would be an onerous task. State Defendants requested that Plaintiff provide key words for a search of those documents relevant to some claim or defense in this matter. Ex. 2, pp. 3, 6, 8. These key words would be used to inform and direct the review of these records. Plaintiff refused to even discuss providing key words to assist in this search. Ex.2, p. 1. Plaintiff refused and has continued to refuse to provide key words or otherwise limit the subject matter of his request beyond his name.

This Court specifically offered to assist parties with discovery disputes in this case. Doc. 23. As Plaintiff disagreed with providing key words, State Defendants reached out to Plaintiff's counsel to request that a status conference be scheduled to discuss the parties' impasse on this issue. Plaintiff agreed. Defendants' counsel reached out to the Court for the availability. The date and time were determined for a status conference. The parties agreed on a summary of the issue to present to the Judge. And then, the day of the status conference, Plaintiff unilaterally decided that this was "too complicated to present it to the judge 'off the cuff' for a decision without more detailed motion practice." Ex. F to Motion, p. 84. Instead of attempting to resolve this issue informally, Plaintiff decided that the present motion was necessary. As Plaintiff has simply attempted to make a demand for compliance with his request, rather than make a good faith effort to compare views and consult with State Defendants to come to a resolution prior to filing this Motion, Plaintiff's motion to compel should be denied.

    **IV.    The Motion To Compel Should Be Denied As The Identified Requests For Production Are Unduly Burdensome As Written.**

Even if the Court were to find that Plaintiff's counsel satisfied his duty of good faith, he failed to present any valid basis to order State Defendants to complete the onerous task of sorting through virtually unlimited materials in order to identify a few that may be relevant to this matter. Rule 26(b)(2)(B), provides that "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. Rule 26(b)(2)(B). Additionally, the Advisory Committee Notes under this rule state that "a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all discovery." *Bagley v. Yale Univ.,* 307 F.R.D. 59, 60 (D.Conn. 2015) citing Fed. R. Civ. P. 26(b)(2) advisory committee's note to 2006 amendment. If that showing is made, the court may order discovery from such sources if the requesting party shows good cause. *Bagley.* 307 F.R.D. 59, 60. However, the court must limit the extent of discovery otherwise allowed by the rules "if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. . . or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Considering these limitations, the court may specify conditions for the discovery and limit its frequency or extent if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Bagley v. Yale Univ.*, 307 F.R.D. 59, 60 quoting Rule 26 (b)(1). One limitation is to order the identification of specific search terms as this is a typical first step in requesting discovery. *Id.,* ("Typically, a party requesting discovery of electronically stored information (hereinafter "ESI") begins the process by identifying certain "custodians" who are

thought to possess or control documents **containing certain designated "search terms."**) (emphasis added).

In responding to Plaintiff's discovery requests as written, and only as to the email portion of the request and only as to DCA, the State Defendants would be required to review over 100,000 emails to determine what, if any, documents are responsive, non-privileged, and do not contain confidential, private, and protected information of third parties. Ex. 1, Compton Aff. ¶¶ 3-5. Plaintiff asserts that this is an easy process that should only "take minutes". Doc. 81, p. 7. It is unclear how exactly he purports that State Defendants can download and manually review over 100,000 emails with over 58GB of information equating to approximately 580,00 pages of emails to determine if they are responsive, non-privileged, and do not disclose any confidential and private information of third parties.

More telling is plaintiff's outright refusal to identify specific keywords or subject matters for his request. Plaintiff tells on himself with this refusal- he is engaged in a pure fishing expedition and nothing more. To suggest that every piece of material that contains plaintiff's name or could be construed to do so is fairly limited to the parameters of discovery permissible under the Rules is nonsensical. "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). The addition of proportionality to Rule 26(b) "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *XTO Energy*, *supra*, 2016 U.S. Dist. LEXIS 57050 at *58 (quoting Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary, at 6, Supreme Court of the United States, available at http://www.supremecourt.gov/publicinfo/year-end/year-endreports.aspx) ("2015 Year-End

9

Report")). The proportionality concept seeks to "eliminate unnecessary or wasteful discovery," and to impose a "careful and realistic assessment of actual need." 2015 Year-End Report at 7. This assessment may, as a practical matter, require "judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, *2 (S.D.N.Y. Dec. 3, 2015) (unpublished) (internal quotation marks omitted). Plaintiff's claims in this case are straightforward, and it is no burden for him to limit his email requests to materials that are potentially relevant to those claims or otherwise likely to lead to the discovery of admissible evidence.

Plaintiff's claims that these documents are "essential to [his] claims for wrongful termination and violations of New Mexico law by Defendants and therefore are clearly relevant to the fundamental tenants of this case" does not provide just cause for the undue burden of ciphering through almost 600,000 pages of emails with no meaningful limitations as to subject matter. Doc. 81, p. 8. Limiting this request with keywords would balance this request to make it proportional to Plaintiff's needs. Further, his claim that he has offered "reasonable limitations" is clearly flawed when these limitations have resulted in nearly 600,000 pages of correspondence for Defendants to review. *Id.* Lastly, Plaintiff's claim that his requests "do not demand an exhaustive review of all agency records but are specific to correspondence regarding performance evaluations and termination related communications" is nonsensical, because plaintiff has not so limited his request(s). *Id.,* p. 9. There is no way to determine if a document is "specific to correspondence, performance evaluations and termination" without either being required to 1) review all agency documents or 2) limiting the search to key terms. The only limitation Plaintiff has provided to date is the name, "Eric Blinman" which again has resulted in approximately 580,000 documents to

10

review just in terms of emails. Plaintiff's request presents an undue burden on State Defendants that is beyond the potential benefit to Plaintiff and his Motion to Compel State Defendants to provide this information without identifying key words should be denied.[2]

### V. State Defendants' Objections And Requests For Limiting The Time And Scope Including Identification Of Key Words For Production Are Valid And Should Be Sustained.

Plaintiffs' Motion to Compel misleads the Court in asserting that the State Defendants refused to respond to his discovery requests. As noted above, this is demonstrably false. State Defendants repeatedly agreed to provide documents if they were limited in time and scope including identification of key words. Additionally, State Defendants did in fact agree to supplement with information that they were able to obtain, but after parties were unable to agree on a key word search or other reasonable limitation on subject matter, State Defendants informed Plaintiff that in order to avoid inconsistencies and to ensure they are responding completely and appropriately, they would supplement all information once a final agreement was made. Ex.2, p. 3. This does not constitute a "refusal" to respond in any way.

It is unclear exactly what Plaintiff is asking this court to compel. On the second page of his Motion to Compel, he mentions a request for the following:

> a. Individual State Defendants' education and qualifications information (INT No. 3)
> b. All correspondence referencing Plaintiff over a ten-year period, to include correspondence related to Plaintiff's job performance, disciplinary actions and follow-up, and ultimate termination (RFPs to All Defs Nos. 2, 4, & 5 and RFPs to State of NM and NMDCA No. 2, 4(5)(6) and 5).
> c. Individual State Defendants' job performance, disciplinary actions and follow-up (RPDs to State of NM and NMDCA No. 7)
> d. Individual State Defendants' personnel files (RPDs to State of NM and NMDCA

---

[2] Given Plaintiff's repeated assertions that the searches and manual review should be "simple", State Defendants are willing to engage an outside e-discovery vendor to assist if Plaintiff is willing to absorb the associated costs, or front costs associated with the review his request(s) contemplate. Where a request imposes an undue burden on a party, cost shifting is appropriate. *Zubulake v. UBS Warburg LLC,* 217 F.R.D. 309, 322 (S.D.N.Y. 2003); *See Sowell-Albertson v. Thomas & Betts Corp.,* CIV 04-0760 RB/LFG [Doc. 83] (D.N.M. May 5, 2005); *Radian Asset Assurance Inc. v. College of the Christian Brothers et al.,* CIV 09-0885 JB/DJS [Doc. 183] (D.N.M. October 22, 2010)*; Spilca v. Maryland Casualty Company,* CIV 13-0360 GBW/LFG [Doc. 72] (D.N.M. November 26, 2013).

No. 8).

Doc. 81, p. 2.

However, later in his Motion to Compel, Plaintiff requests only that the Court enter:

> [a]n immediate order requiring State Defendants to conduct a thorough search and to produce all performance-related documents and termination-related records (including all related or associated correspondence, including emails and text messages from or among any of the individual State Defendants) within a specified time frame, well in advance of State Defendants' deposition.

Doc. 81, p. 12. In an abundance of caution, State Defendants will outline their objections to the most comprehensive list of requests included on page 2 of Plaintiff's motion.

### a. Individual State Defendants' Education and Qualifications Information (Interrogatory No. 3 To Defendant Michelle Gallagher Roberts and Defendant Debra Garcia Y Griego)

State Defendants reassert their objections that the employment history of Michelle Gallagher Roberts and Deputy Secretary Debra Garcia y Griego have no relevance to any claim or defense at issue in this case, however, these records have been obtained by State Defendants counsel and will be produced once all confidential information is redacted.

### B. All Correspondence Referencing Plaintiff Over a Ten-Year Period, To Include Correspondence Related to Plaintiff's Job Performance, Disciplinary Actions And Follow-Up, And Ultimate Termination (RFPs To All Defs Nos. 2, 4, & 5 And RFPs to State of NM And NMDCA Nos. 2, 4(5)(6) and 5)

State Defendants reassert their objections to these Requests on the grounds that they are overly broad, unduly burdensome, excessive in duration, not limited in scope, and not reasonably calculated to lead to discovery of admissible evidence. See Fed.R. Civ. P. 26(b)(1)("Parties may obtain discovery of any information, not privileged, which is relevant to any party's claim or defense and proportional to the needs of the case. . .") ; *Employbridge*, 2017 U.S. Dist. LEXIS 11605 at *5-*6. State Defendants further object to this Request to the extent it attempts to obtain information protected through the attorney-client privilege and to the extent it requests the mental

12

impressions, conclusions, opinions, legal theories, or trial strategy of State Defendants' counsel through information that may be protected by the attorney-client privilege and/or the attorney work product rule. See Fed.R. Civ. P. 26(b)(1)("Parties may obtain discovery of any information, not privileged, which is relevant to any party's claim or defense proportional to the needs of the case. . ."). State Defendants further object to producing confidential personnel information that implicates the privacy concerns of its employees. See *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 365 (6th Cir. 1999) (employer had valid interest in privacy of nonparty personnel files); *Miller v. Federal Express Corp.,* 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D. Mass. 1995) ("[P]ersonnel files contain perhaps the most private information about an employee within the possession of an employer."); *In re Del-Val Financial Corp. Securities Litigation*, 158 F.R.D. 275, 277 (S.D.N.Y. 1994) (disallowing discovery request because disclosure of internal evaluations invades the privacy of the employees); *Celmins v. U.S. Dep't of Treasury, 457 F.Supp.* 13, 15 (D.D.C. 1977) ("the evaluation of an individual's work performance, even if favorable, is personal information and its release is an invasion of privacy").

As mentioned above, in order to provide responses, State Defendants would need to start by manually reviewing over 100,000 emails which include 58.7 GB of information to determine which information is responsive, non-privileged, and does not include confidential and private third party information. As outlined in their discovery responses, State Defendants have agreed to supplement this request if limited in time and scope. Exs. 2-3. Limiting the scope includes identifying particular key words or subject matters that enable Defendants to conduct a meaningful search.

In addition, despite the failure of Plaintiffs' counsel to continue to engage in a good faith effort to resolve this issue and failure to provide a reasonable amount of time to respond, State Defendants are working on producing all emails from Plaintiff's previous email account from 2019 to 2023. Notably, State Defendants' counsel has purchased a program to download and convert Plaintiff's PST file to produce these emails and have been actively working to produce these documents. However, as explained to Plaintiff's counsel, Defendants cannot simply send Plaintiff a copy of his entire PST file. Plaintiff is no longer a state employee and is not entitled to confidential information. Again, production of these files will require manual review prior to production.

### c. Individual State Defendants' job performance, disciplinary actions and follow-up (RPDs to State of NM and NMDCA No. 7)

State Defendants reassert the same objections they asserted to RFPs to All Defs Nos. 2, 4, & 5 and RFPs to State of NM and NMDCA No. 2, 4(5)(6) and 5 included above. State Defendants have obtained the personnel files for Defendants' Deputy Secretary Michelle Gallagher Roberts and Cabinet Secretary Debra Garcia y Griego and will produce all relevant documents once confidential information is redacted from these files.

### d. Individual State Defendants' personnel files (RPDs to State of NM and NMDCA)

State Defendants reassert the same objections they asserted to RFPs to All Defs Nos. 2, 4, & 5 and RFPs to State of NM and NMDCA No. 2, 4(5)(6) and 5 included above. However, Defendants have obtained and will produce personnel file information excluding confidential and private employee benefits, salary, family, and health information.

### VI.   Sanctions are Not Warranted

Plaintiffs' counsel would like this Court to sanction State Defendants as he alleges State Defendants made misrepresentations within their discovery responses by asserting that their

responses were "complete and correct as of the time it was made". Doc. 81, p. 11. However, State Defendants made no misrepresentations in their responses. State Defendants outlined all objections that were being made and all documents that were not provided subject to limitation in time and scope. Exs. 2-3. Additionally, Plaintiff requests sanctions for a "refusal to produce any correspondence". Doc. 81, p. 12. Again, this is untrue. State Defendants have repeatedly stated that they would produce these documents once they were appropriately limited in time and scope. *Id.* This limitation includes identification of key words which Plaintiff has refused to provide simply requesting everything in the possession of the State of New Mexico which contains his name or could be construed somehow to reference him. Ex. 4. Lastly, Plaintiff has requested sanctions alleging that State Defendants' conduct has been egregious. Doc. 81, p. 12. Plaintiff's mischaracterization of State Defendants' objections to responding to his wildly overbroad discovery requests as bad faith or egregious actions is a transparent attempt to distract from his own behavior. *Id.* State Defendants have repeatedly attempted to confer with Plaintiff to work through the discovery disputes. Plaintiff does not like the fact that State Defendants have not simply complied with his requests as propounded, but this does not equate to acting in bad faith and certainly does not support sanctions against State Defendants. Plaintiffs' Motion should be denied in its entirety because State Defendants acted in good faith by asserting their objections and attempting to confer with Plaintiff throughout the discovery process. Therefore, Plaintiffs' request to sanction State Defendants is meritless and should be denied.

## **CONCLUSION**

WHEREFORE, State Defendants Governor Michelle Lujan Grisham, New Mexico Department of Cultural Affairs ("DCA") Cabinet Secretary Garcia y Griego, DCA Deputy Secretary Michelle Gallagher Roberts, State of New Mexico, Department of Cultural Affairs, and Office of Archaeological Studies ("OAS") respectfully request that the Court deny Plaintiffs'

15

Motion to Compel, including his request for sanctions, and for such other and further relief as the Court deems just and proper.

                Respectfully submitted,

                **Serpe | Andrews, PLLC**
                */s/ Cody R. Rogers*
                Cody R. Rogers
                Hope Pendleton
                2540 El Paseo Road, Suite D
                Las Cruces, NM 88001
                Tel. (575) 288-1453
                crogers@serpeandrews.com
                hpendleton@serpeandrews.com
                *Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2025, a copy of the foregoing was delivered electronically to all counsel of record via this Court's CM/ECF filing and service system.

*/s/ Cody R. Rogers*
Cody R. Rogers
**SERPE | ANDREWS, PLLC**