IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC BLINMAN,

    Plaintiff

v.                                                                                                  No. 1:23-cv-00431-KG-JMR

GOVERNOR MICHELLE LUJAN GRISHAM, et al.,

    Defendants.

## REPLY IN SUPPORT OF DEFENDANT GOVERNOR MICHELLE LUJAN GRISHAM'S MOTION FOR PROTECTIVE ORDER

Defendant Governor Michelle Lujan Grisham ("Governor Lujan Grisham"), by and through her counsel of record, SERPE ANDREWS, PLLC (Cody R. Rogers and Hope Pendleton), and respectfully files this Reply in support of her Motion for Protective Order, and states as follows.

### I.    INTRODUCTION

By simply restating his claims from his Third Amended Complaint, Plaintiff fails to provide evidence of any extraordinary circumstances in which the highest official in the State of New Mexico would be required to sit for a deposition. He attempts to assert that simply because he has named the governor in a lawsuit, he is entitled to remove Governor Lujan Grisham from her greater duties and time constraints to tend to this litigation and be deposed about claims in which she has no firsthand knowledge. Plaintiff fails to provide any authority or factual basis to suggest that his request is permissible under New Mexico law. As outlined in her Motion for Protective Order, Governor Lujan Grisham did not make any decisions related to Plaintiff's employment, supervision, discipline, or termination. Therefore, the Court must grant Defendant's motion and preclude Plaintiff from requesting the deposition of Governor Lujan Grisham.

1

## II. ARGUMENT AND AUTHORITIES

The Court has broad discretion in determining whether good cause exists to issue a protective order. Fed. R. Civ. P. 26(C) governs the issuance of protective orders when "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden and expense." Here, the Court should enter its Protective Order precluding Plaintiff from taking the deposition of Governor Lujan Grisham. To do otherwise would subject the Governor to annoyance, oppression, embarrassment, and impose an undue burden on her taking her away from her duties as Governor. Plaintiff has not demonstrated the extraordinary circumstance required to warrant the deposition of Governor Lujan Grisham. *Denver Homeless out Loud v. Denver*, No. 20-cv-2985, 2020 U.S. Dist. LEXIS 229756, 2020 WL 7230641, at *1-2 (D. Colo. Dec. 8, 2020)(citation omitted); *In re Office of the Utah Attorney Gen.*, 56 F.4th 1254, 1264 (10th Cir. 2022) (alterations, internal quotation marks, and citation omitted); see also *In Re Bryant*, 745 Fed. Appx. 215 (5th Cir. 2018) (applying extraordinary circumstances test to governor's chief-of-staff).

Plaintiff, in his Response, fails to establish the extraordinary circumstances required to support his request for the deposition of Governor Lujan Grisham. He has provided no support that 1) Governor Lujan Grisham had firsthand knowledge of the claims made in his complaint; 2) that her testimony would lead to the discovery of admissible evidence; 3) the deposition is "essential" to his case; and 4) the information cannot be obtained from an alternative source. *In re Office of the Utah Attorney Gen.,* 56 F.4th 1254, 1264 (10th Cir. 2022) (alterations, internal quotation marks, and citation omitted).

Plaintiff attempts to argue that because of attenuating circumstances, the Governor had firsthand knowledge of Plaintiff's claims in this lawsuit. Doc. 83, p. 7. Knowledge or opinions of those working with the Governor (including her staff) or those who sent letters to the Governor is

not firsthand knowledge by the Governor herself. Doc. 83, p. 7. Additionally, it is an absurd proposition that because Plaintiff's termination letter was printed on the Governor's letterhead, this evidences the Governor's firsthand knowledge of the information contained within the text. Plaintiff was a Governor Exempt employee and therefore the termination letter was indeed written on the Governor's letterhead. *See* NMSA 1978 § 10-9-4 (B) (exempting "heads of agencies appointed by the governor" from the State Personnel Act and service); *see also* https://www.nmdfa.state.nm.us/exempt_employees/ (Policies for Governor Exempt Employees). However, it is not practicable to assert that anyone in a high-ranking position, in fact in any position, in an agency, firm, corporation or office has firsthand knowledge of everything that goes out on their letterhead. The Governor provided a sworn affidavit that she had no first-hand knowledge of Plaintiff's claims. Ex. 1, Gov. Aff., *generally*. Additionally, simply because Plaintiff's supervisors spoke with someone within the Governor's office or staff does not impart firsthand knowledge to Governor Lujan Grisham. In her affidavit the Governor clearly attests to having no first-hand knowledge "about the termination of Plaintiff Eric Blinman that occurred on February 13, 2023. That incident forms the basis for the above-captioned lawsuit. My office was notified that Eric Blinman had been terminated some time on or around February 13, 2023. I was not notified ahead of time that termination was being considered, nor did I offer any opinion or directives relating Plaintiff's termination." Ex. 1 to Doc. 76 , ¶ 2. Because she had no firsthand knowledge there are no extraordinary circumstances as to why she should be required to endure the undue burden of being taken away from her responsibilities as Governor to sit for a deposition in this matter.

  Plaintiff not only failed to establish that Governor Lujan Grisham had firsthand knowledge of his claims made the basis of this lawsuit, but his overbroad assertion that it is the Governor's

role to investigate claims of discrimination and whistleblower complaints is simply an inaccurate characterization of her duties as Governor, and provides no support that her testimony would lead to the discovery of admissible evidence. Without firsthand knowledge of Plaintiff's claims, she would have no "relevant facts about the [alleged] discrimination and retaliation levied against Dr. Blinman". Doc. 83, p. 8. Plaintiff seems to think that because citizens of New Mexico sent letters to the Governor, she has a heightened role in this litigation. Doc. 81, p. 3.   Of course, Plaintiff provides no authority to support this contention.  These letters provide the Governor with no firsthand knowledge about Plaintiff's claims. Plaintiff would need to request testimony from those individuals directly if he wants their "firsthand knowledge" about his claims. Interestingly, these letters also provide no support for Plaintiff's claims as there are no assertions of discrimination, retaliation, or whistleblowing. Exs. D and E to Pl. Motion to Compel Deposition (Doc. 66). They simply assert disagreement with the leadership decisions made. Id, *generally*. Allegations of poor leadership are not a violation of any New Mexico law as alleged by Plaintiff. Doc. 83, p.3. Plaintiff's failure to provide any alleged facts that Governor Lujan Grisham would have about his claims further supports the Governor's request for a protective order as he has failed to provide any evidence of the second required element of the extraordinary circumstances test.

    This case is about Plaintiff's alleged wrongful termination. The decision to terminate plaintiff's employment was made by his supervisors, not the Governor. Put simply as outlined in Defendant Governor Lujan Grisham's motion, the Governor's deposition testimony is not necessary to support any of Plaintiff's claims for discrimination, retaliation, breach of contract, or whistleblower violations. Doc. 76, pp. 5-7. She was not responsible for the management, supervision or termination of Plaintiff's employment and therefore her testimony is not "essential" to his claims. Ex. 1 to Doc. 76 , ¶ 2. Without any facts to suggest the Governor has any information

which would be essential to the claims made the basis of this lawsuit, Plaintiff cannot support a claim that he has established the extraordinary circumstances required to order the deposition of Governor Lujan Grisham.

Lastly, Plaintiff has not addressed the reason in why he cannot obtain this information from an alternative source. As outlined in Defendant Lujan Grisham's Motion for Protective Order, it is telling that Plaintiff has requested the Governor's deposition first. This evidences his attempt to annoy, embarrass, oppress or cause undue burden and expense to the Governor. His assertion that she is the only one that can provide information about her decision-making processes lacks merit. Governor Lujan Grisham was not involved in the decision to terminate Plaintiff. *Id.* To require the Governor to be deposed every time a plaintiff wants to question why she did not investigate a state officials' actions to discipline their employees is nonsensical. There are over 18,000 employees in New Mexico within 68 executive state agencies, board, and commissions. Id., ¶ 6. If a mere two percent of those employees filed claims involving their employment and attempted to request the deposition of the Governor because she refused to involve herself in employment decisions made by their supervisors, the Governor could be deposed every day of the year. This is exactly why the extraordinary circumstances test was adopted. This would leave the Governor no time to address the greater duties required of the Governor of this State. Further, Cabinet Secretary Debra Garcia y Griego and Deputy Cabinet Secretary Michelle Gallagher Roberts, who were the decision makers regarding Plaintiff's termination, have not objected to their depositions and any information related to Plaintiff's claims would best be directed toward them. *In re Off. of the Utah AG,* 56 F.4th 1254, 1261 ("even in whistleblower cases, a deposition is unwarranted where the high-ranking official is not the ultimate decision maker.").

5

Nothing more can be gained by subjecting the Governor to the time, effort, and expense of a deposition to confirm what is already contained in the sworn testimony included in her affidavit. The information about why Plaintiff was disciplined and terminated is clearly best directed toward those who supervised him and made the decisions for discipline and termination. Her affidavit outlines that she has no firsthand knowledge of the claims made the basis of this lawsuit. This is not going to change and Plaintiff's attempt to take her deposition without providing evidence of extraordinary circumstances is clearly an attempt to embarrass, harass, annoy, or create undue burden and expense on the Governor and a protective order to preclude Plaintiff from taking the deposition of the Governor should issue.

## CONCLUSION

For the foregoing reasons, the Court should grant Governor Michelle Lujan Grisham's Motion for Protective Order and enter an order precluding Plaintiff from taking the deposition of Governor Lujan Grisham.

Respectfully submitted,

**Serpe | Andrews, PLLC**

*/s/ Cody R. Rogers*
Cody R. Rogers
Hope Pendleton
2540 El Paseo Road, Suite D
Las Cruces, NM 88001
Tel. (575) 288-1453
crogers@serpeandrews.com
hpendleton@serpeandrews.com
*Attorneys for State Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of March, 2025, a copy of the foregoing was delivered electronically to all counsel of record via this Court's CM/ECF filing and service system.

*/s/ Cody R. Rogers*
Cody R. Rogers
**SERPE | ANDREWS, PLLC**