# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DR. ERIC BLINMAN,

        Plaintiff,

v.                                                  Case No. 1:23-cv-00431-KG-JMR

GOVERNOR MICHELLE LUJAN GRISHAM, *et al.*,

        Defendants.

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS AND FOR SANCTIONS, INCLUDING AN AWARD FOR ATTORNEY'S FEES AND COSTS

**COMES NOW** the Plaintiff, by and through his counsel, Merit Bennett of The Bennett Law Group, LLC, and hereby submits this *Reply In Support of Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Production of Documents and for Sanctions, Including an Award for Attorney's Fees and Costs* [ECF Doc. 81], and, as grounds therefor, states:

### INTRODUCTION

Defendants have failed to timely answer interrogatories properly propounded and to provide discoverable correspondence, performance-related documents and other key records, which are all related to Plaintiff's illegal termination, in response to Plaintiff's interrogatories (INTs) and Plaintiff's requests for production (RFPs), thereby delaying the progress of the case, obstructing the due process of Plaintiff and forcing Plaintiff to seek an Order of this Court compelling production and awarding sanctions.

Plaintiff is requesting that the Court compel Defendants to supplement their responses to the INTs and RFPs, seeking specifically:

a.  Individual Defendants' education and job qualifications information (INT No. 3)

   INTERROGATORY 3. Describe your employment history from the completion of high school through the current date. For each term of employment, state the name and address of the employer, the inclusive dates worked, the position you held (including a brief description of your duties for each position), the current name, physical address, email address and telephone number of your last supervisor for each position, your annual salary or hourly wage and the reason you left the job.

b.  All correspondence referencing Plaintiff over a ten-year period, to include correspondence related to Plaintiff's job performance, disciplinary actions and follow-up, and ultimate termination (RFPs to All Defs Nos. 2, 4, & 5 and RFPs to State of NM and NMDCA No. 2, 4(5)(6) and 5)(RPDs to State of NM and NMDCA No. 7, ECF 81-1), **as has been subsequently limited in time period as follows**:

   All communications, referencing or referring to Plaintiff **from and including 2019, when Garcia y Griego became Cabinet Secretary, through the end of 2023, [*now only 5 years of information is being requested*]** to include all correspondence referring or relating to Plaintiff's job performance, disciplinary actions, follow-up and ultimate termination. (ECF 81-6, Page 5 of 8)

c.  Individual Defendants' job performance, disciplinary actions and follow-up (RPDs to State of NM and NMDCA No. 7, ECF 81-1, Page 38 of 42)

   REQUEST FOR PRODUCTION 7: Produce all documents which relate or refer to any investigation of any misconduct alleged to have been committed by any Defendant while a state employee, to include, but not limited to, all documents which relate or refer to 1) the complaint(s) made by Plaintiff regarding Defendant Garcia y Griego's refusal to permit Plaintiff to hire employees or any alleged defense thereto; and 2) the complaint made by Plaintiff regarding Defendant Garcia y Griego's rumored intimate and/or sexual relationship with her subordinate employee, Mr. Patrick Moore, and 3) the complete investigative file(s) maintained internally and/or by third-party Macke Law which correspond(s) to the February 3, 2023, letter issued by Daniel J. Macke.

d.  Individual Defendants' personnel files (RPDs to State of NM and NMDCA No. 8, ECF 81-1, Page 40 of 42)

   REQUEST FOR PRODUCTION 8: Produce the complete and unredacted personnel file of each individual Defendant.

Defense counsel maintains that Plaintiff's motion is untimely and attempts to discredit any basis for Plaintiff's motion to compel, while simultaneously admitting that "responsive documentation remains unproduced," including over 115,000 emails admitted to be in Defendants' possession that are potentially responsive to Plaintiff's requests. *See* ECF 86, State Defendants' Response and ECF 86-1, Affidavit of Charles Compton.

Defendants assert that the aforementioned emails require "manual review... to determine if they are responsive and ensure documents are responsive, not privileged, and do not contain private and confidential third-party information," thereby admitting the existence of the requested information, yet Defendants have failed to file a Motion for Protective Order or take any other proactive steps to defend and/or remedy their failure to produce the requested documents. *See* ECF 86, State Defendants Response.

Defendants falsely assert that Plaintiff has failed to limit his request and failed to confer regarding his motion, while also arguing that Plaintiff "reversed course and insisted that State Defendants respond to his unlimited request." **Defendants make this assertion in spite of the fact that Plaintiff's counsel clearly documented the communications with Defense counsel in writing and attached said correspondence to Plaintiff's subject motion and Defendants' response.** (ECF 81-2 through 81-6 and ECF 86-2).

**Plaintiff's counsel never "reversed course" regarding Plaintiff's agreement to limit the scope of his outstanding discovery requests.** Plaintiff's counsel only indicated that Defendants' desire to further limit the requests by only searching for "key words" was unreasonable. Plaintiff maintains that any limitation on the scope of a search undertaken by Defendants' biased application of arbitrarily-selected "key words" cannot be accomplished without limiting the scope of

discoverable evidence beyond the original intention of the request and creating potential prejudice to Plaintiff, because Defendants would be the sole decider of whether an otherwise relevant document which does not happen to contain a "key word" should be produced. *See* ECF 81-5. (The test for discovery is not based upon the inclusion of a "key word." It is because a document contains or, by its mere existence, portrays "anything reasonably calculated to lead to the discovery of admissible evidence," and the holder of the document (here, any of the Defendants, including the State of New Mexico) does not get to unilaterally decide whether the document meets that test.)

In fact, it was Defense Counsel that "reversed course," initially agreeing to produce supplemental documentation responsive to Plaintiff's requests and then refusing to do so, apparently so that Defendants could run down the timeline for filing objections and then claim the "untimeliness" of Plaintiff's motion when Plaintiff moved to enforce production.

**Ms. Pendleton has admitted on more than one occasion that responsive documentation unrelated to her clients' dispute regarding scope had been identified and would be produced. Yet, to date, Defendants have failed to produce even those documents.** *See* emails from defense counsel attached as **Exhibit A**.

The full consideration of all of the circumstances surrounding this motion clearly demonstrates that Defendants' actions and/or lack thereof warrant the full relief requested by Plaintiff - no matter the volume (it can all be downloaded onto a single computer disc): produce all of the documents requested.

## ARGUMENT

**I. Plaintiff Is Entitled to Discovery under Rule 1-026(b)(1) NMRA**

1. Rule 1-026(B)(1) NMRA permits discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." **Relevant information includes anything reasonably calculated to lead to the discovery of admissible evidence.**

2. The requested discovery is relevant to determining:

   a. The documented reasons, if any, for Dr. Blinman's termination (and the conclusions to be drawn therefrom);

   b. Whether personal relationships, discriminatory bias or illegal retaliation influenced the decision to terminate Plaintiff, contrary to state policy(ies) or statutory or case law.

Accordingly, Plaintiff is entitled to the discovery of **all** correspondence, whether official or unofficial and whether emails, text messages or other communications, to and/or from any Individual Defendant **that refer or relate to Plaintiff** and, more specifically, to Plaintiff's job performance, disciplinary actions, follow-up or his ultimate termination and aftermath.

3. These documents are central to Plaintiff's claims and are potentially relevant to the exposure of the nature and extent of the statutory/personnel policy violations/illegal discrimination alleged to have been perpetrated by one or more or all of the involved state officials, to include retaliation against Plaintiff for his whistleblowing.

4. Plaintiff's requests are relevant and proportional and sufficiently limited in time and scope. Defendant's objections are factually unsupported. **A general objection of "sheer volume" can never be permitted to overcome the need to produce every scintilla of all of the documentation having "potential relevance."**

**II. Plaintiff's Motion to Compel is NOT Untimely**

5.  State Defendants served their discovery responses on December 11, 2024. In accordance with Rule 37, on December 27, 2025, Plaintiff's counsel objected to Defendants' responses, requesting that Defendants immediately supplement their responses with a statement that there were no other responsive documents which were withheld, or if documents were withheld, to provide a privilege log. (ECF Doc. 81-1, pp. 10.) This allowed the Defendants an additional 21 days to respond in accordance with D.N.M.LR-Civ. 26.6 - thereby making Defendants' response due on January 17, 2025. Defendants **did not** "respond to Plaintiff's 'objections,' and only reiterated its own objections to Plaintiff's discovery requests" on January 17, 2025. *Id*. Instead, on January 17, 2024, Defendants requested an extension to that response deadline via email. *See* email thread between counsel attached hereto as **Exhibit B**. On January 21, 2025, Defendants sent a letter dated January 17, 2025, further objecting to Plaintiff's discovery requests and asserting that Plaintiff's requests are "unduly burdensome" and "disproportionate," **without providing any substantiation of such baseless claims**. Defendants' supplemental response, made in accordance with the D.N.M.LR-Civ. 26.6 time frame, thus allowed the Plaintiff an additional 21 days to respond in accordance with the same, thereby making Plaintiff's objections to Defendants' supplemental response due on February 11, 2025.

6.  **If Defendants' counsel truly believed that the time frame for the filing of a motion to compel had come and gone, then why did they request an extension of time for which to submit their objections in accordance with D.N.M.LR-Civ. 26.6, if not for the fact that counsel well knew that all parties were well within the applicable deadline and were attempting to confer in good faith to resolve the issue without court intervention.**

6

7.    Further, pursuant to this Court's January 23, 2025, *Order Granting Motion to Vacate Settlement Conference and Current Scheduling Order* [ECF 68], "Motions relating to discovery are to be filed by May 23, 2025." Plaintiff has filed his motion well in advance of the deadline, and thus his motion is not untimely.

### III. Plaintiffs' Counsel Engaged in a Good Faith Attempt to Resolve This Discovery Dispute

8.    Defendants' argument that Plaintiff failed to engage in a good faith attempt to resolve the dispute before requesting the intervention of the court **is patently false**.

9.    Defense counsel was provided with Plaintiff's proposed Motion to Compel for their consideration in advance of its filing on February 10, 2025, specifically indicating a willingness to confer regarding the subject matter and come to resolution in advance of scheduled depositions. *See* email attached as **Exhibit C**.

10.    In his February 20, 2025, letter to defense counsel, Plaintiff's counsel outlined the basis of Plaintiff's position with regards to this motion, indicating that:

> **"Hope,**
>
> **We have already agreed to narrow down our request to include all correspondence referencing Plaintiff from and including 2019, when Garcia y Griego became Cabinet Secretary, through 2023, to include all correspondence relating to Plaintiff's job performance, disciplinary actions and follow-up and ultimate termination (RFPs to All Defs Nos. 2, 4 and 5 and RFPs to State of NM and NMDCA No. 2, 4, 5 and 6).**
>
> **As I understand from our discussion yesterday, your clients have "voluminous" emails which they believe may fall subject to our request which you are unsure how to limit.**
>
> **Plaintiff, however, believes that Defendants' claim of "too burdensome" is a deliberate attempt by the Defendants to cover up highly relevant evidence that is known by the Defendants to exist and to be potentially incriminating.**
>
> **....**

7

> **Defendants' ongoing efforts to delay discovery in this case have afforded them more than sufficient time to locate the requested information.**
>
> **It is believed that the requested documents are indeed case relevant and include direct evidence of Defendants' intent to retaliate against Plaintiff for making protected whistleblower complaints and/or to create a pretext(s) to attempt to justify Plaintiff's wrongful termination.**
>
> **In any event, this potential evidence (or documents which may lead to the discovery of admissible evidence) should be easily accessible to your clients via routine computer search and should have already been automatically produced with Defendants' initial disclosures, especially the intragovernmental communications to and/or from, or which otherwise refer to, Dr. Blinman.**
>
> **This production should not be difficult, much less onerous, and, even if "onerous," the evidence sought goes to the heart of the issues in this case, and its production still must be made.**
>
> **After further consideration, I don't see how we can limit our request any more than we have... ."** *See* ECF 81-5.

11. Correspondence between counsel attached hereto and to Plaintiff's motion demonstrate that Plaintiff's counsel was clearly attempting to confer in good faith in accordance with Fed. R. Civ. P. 37 prior to the filing of the subject motion, as is evidenced in writing in said correspondence attached to Plaintiff's subject motion and to Defendants' response. (ECF 81-2 through 81-6 and ECF 86-2).

12. In fact, it was Defense counsel who suggested Court intervention and seeking the advice of Judge Rozzoni when the parties were unable to agree upon further limitation of the scope of Plaintiff's requests. *See* ECF 81-4, at pages 4-5. While Plaintiff's counsel initially agreed to proceed informally as suggested by defense counsel, defense counsel continued to attempt to narrow the scope of the outstanding requests to be presented to Judge Rozzoni and further refused to promptly supplement/produce already-identified-to-be-responsive discovery.

13.    Plaintiff's counsel continued to attempt to confer with defense counsel up to the point of filing the subject motion on February 25, 2025. In the course of conferring with defense counsel, ***Ms. Rogers admitted on more than one occasion that responsive documentation unrelated to the dispute regarding scope had been identified and would be produced. Yet, to date, Defendants have failed to produce the documents.***

In an email on February 25, 2025, Ms. Rogers stated:

> **"The only discovery we have agreed to provide as originally requested, and will provide, is Mr. Blinman's emails, which we are working on getting into a producible format."** *See* ECF 81-6.

Then again, during Plaintiff's deposition on February 28, 2025, Ms. Rogers confirmed:

```
·6· · · · · A.· It would be in the emails.
·7· · · · · Q.· Okay.
·8· · · · · · · MR. BENNETT:· Do you know when he is going to be
·9· ·given access to those?
10· · · · · · · MS. ROGERS:· I think that we're just converting
11· ·them to a producible format is the only holdup there.
12· · · · · · · MR. BENNETT:· Do you know how long it's going to
13· ·take?
14· · · · · · · MS. ROGERS:· No.· No, I don't.
15· · · · · · · MR. BENNETT:· Six months?· A year?
16· · · · · · · MS. ROGERS:· No.· Once we have -- we had to
17· ·actually buy a proprietary software that will do that
18· ·work, and so I think once we actually get that up and
19· ·running, it should be pretty fast.· A couple of weeks
20· ·would be my guess.
21· · · · · · · MR. BENNETT:· Okay.
22· · · · · · · MS. ROGERS:· Yeah, so.
```

*See* Deposition of Eric Blinman, p.49-50, lines 12 - 20, attached as **Exhibit B**.

14.    As of the date of this Reply, more than a "couple of weeks" has passed, and Defendants have still failed to produce the documents.

9

**IV. State Defendants' Objections and Requests for Limiting the Time and Scope, Including Identification of Keywords for Production, Are Ridiculous**

15. Defendants are attempting to force Plaintiff into choosing mysterious "keywords," in order to self-limit his discovery requests, when, in fact, it is ridiculous to expect Plaintiff to identify all applicable keywords that might appear in correspondence to which he was not a party.

16. The requested production is expected to document the various communications, and/or the lack thereof, between Dr. Blinman and the Defendants, as well as to provide a demonstration of Dr. Blinman's overall job performance, which Defendants have now brought into question as alleged in their discovery responses.

17. Plaintiff maintains that the outstanding and self-limited scope of his request **for all communications, referencing or referring to Plaintiff from and including 2019, when Garcia y Griego became Cabinet Secretary, through the end of 2023, to include all correspondence referring or relating to Plaintiff's job performance, disciplinary actions, follow-up and ultimate termination** is valid. Modern computer technology can easily produce such documentation, even though it may be "voluminous." Therefore, "voluminosity" is no longer a legitimate objection to full production. (A computer download is not "voluminous.")

18. Further limitation of Plaintiff's discovery requests in any vague regard is unacceptable, as the requested documentation is easily accessible and potentially essential to the prosecution of Plaintiff's claims.

19. Plaintiff's counsel believes that Defendants' objections could be easily and promptly resolved, specifically those related to "confidential and privileged information," by entering into a stipulated confidentially agreement through the Court, which would limit the dissemination, and

potential utilization in litigation, of any relevant documents and allow for Defendants' future assertion of privilege or confidentiality as such may be later identified.

## V. State Defendants Continue to Delay the Progress of the Case and the Due Process of Plaintiff, Warranting Sanctions

20.     Plaintiff's first discovery requests were sent to Defendants on October 21, 2024, seeking relevant documentation not previously provided in Defendants' Initial Disclosures, which disclosures were submitted by Defendants on October 6, 2023.

21.     Over three months have passed since State Defendants served their limited discovery responses on December 11, 2024, yet, to date, Defendants have failed produce all responsive documents, even after Plaintiff's counsel made it clear that such documents needed to be received and reviewed in advance of undertaking Defendants' depositions.

22.     State Defendants admit in their own response to Plaintiff's subject motion that responsive documentation unrelated to the dispute regarding scope, which Defendants allege to be the basis of their lack of response, have been identified and would be produced.

> **a. Individual State Defendants' Education and Qualifications Information (Interrogatory No. 3 To Defendant Michelle Gallagher Roberts and Defendant Debra Garcia Y Griego)**
>
> "these records have been obtained by State Defendants counsel ***and will be produced*** once all confidential information is redacted. " *See* ECF 86, p.12.  Emphasis supplied.
>
> **c. Individual State Defendants' job performance, disciplinary actions and follow-up (RPDs to State of NM and NMDCA No. 7)**
>
> "State Defendants have obtained the personnel files for Defendants' Deputy Secretary Michelle Gallagher Roberts and Cabinet Secretary Debra Garcia y Griego ***and will produce all relevant documents*** once confidential information is redacted from these files." *See* ECF 86, p.14. Emphasis supplied.

11

**d. Individual State Defendants' personnel files (RPDs to State of NM and NMDCA)**

"***Defendants have obtained and will produce personnel file information*** excluding confidential and private employee benefits, salary, family, and health information." *Id*. Emphasis supplied.

23.   Notwithstanding Plaintiff's counsel's willingness to limit the scope of Plaintiff's subject discovery requests, Defendants have still failed to answer questions properly propounded and to provide reasonably discoverable correspondence, thereby intentionally causing undue delay.

24.   Because of Defendants' continued failures to supplement discovery, Plaintiff's counsel was forced to vacate the scheduling of the depositions of Defendants Garcia y Griego and Gallagher Roberts, scheduled to take place on February 27 and 28, once again further delaying the progress of the case and denying the Plaintiff due process.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1) Compel Defendants to immediately produce all documents responsive to Plaintiff's discovery requests.

2) Award Plaintiff attorneys' fees and costs incurred in bringing this motion.

3) Impose appropriate sanctions for Defendants' failure to comply with their discovery obligations, including deeming facts or liability admitted or precluding certain defenses, as the Court shall deem to be just and proper, upon further consideration and suggestion by Plaintiff.

4) Provide any other relief the Court deems to be just and proper.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: /s/ Merit Bennett
Merit Bennett, *Esq.*
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Plaintiff Dr. Eric Blinman*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>SERPE ANDRES, PLLC
>2540 El Paseo, Suite D
>Las Cruces, New Mexico 88001
>Ph: 575-288-1453
>Hope Pendleton, *Esq*.
>Email: hpendleton@serpeandrews.com
>Cody Rogers, *Esq*.
>Email: crogers@serpeandrews.com
>*Attorneys for State Defendants*

>and

>Nick Autio. Esq.
>NM Local Government Law, LLC
>6121 Indian School Road NE, Suite 202
>Albuquerque, New Mexico 87110
>Ph: 505-889-0983
>Email: nick@nmlgl.com
>*Attorney for Defendant Ken Lucero*

 /s/ Merit Bennett
Merit Bennett, *Esq*.
*Attorney for Plaintiff*