IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC BLINMAN,

        Plaintiff,

v.                                                                                                                                        1:23-cv-00431-KG-JMR

MICHELLE LUJAN GRISHAM,
individually and as Governor of the State
of New Mexico, STATE OF NEW MEXICO,
STATE OF NEW MEXICO OFFICE OF THE
GOVERNOR, NEW MEXICO DEPARTMENT
OF CULTURAL AFFAIRS, MICHELLE
GALLAGHER ROBERTS, individually and as
Deputy Secretary of the New Mexico State
Department of Cultural Affairs, KEN LUCERO,
individually and as Director of Human Resources
for the New Mexico State Department of Cultural
Affairs, STATE OF NEW MEXICO RISK
MANAGEMENT DIVISION, STATE OF NEW
MEXICO OFFICE OF ARCHEOLOGICAL
STUDIES, and YET-TO-BE IDENTIFIED
CO-CONSPIRATORS,

        Defendants.

## ORDER DENYING MOTION FOR LEAVE TO FILE A SURREPLY

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File a Surreply to the Reply in Support of Defendant Governor Michelle Lujan Grisham's Motion for Protective Order (Doc. 93), filed on March 20, 2025.  Having reviewed the motion, as well as the briefing related to Defendant Governor Michelle Lujan Grisham's Motion for Protective Order (Docs. 76, 83, 87, 89), and being otherwise fully advised, the Court finds that the motion is not well taken and DENIES it.

Under this district's local rules, briefing on motions is limited to a motion, a response, and a reply.  *See* D.N.M.LR-Civ. 7.1, 7.4(a).  Surreplies are permitted only with leave of court.

D.N.M.LR-Civ. 7.4(b).  "Generally, a motion for leave to file a surreply is disfavored, and a court will grant such a motion only in the event that new information is raised in a reply brief, or some other exceptional circumstance compels the filing of a surreply."  *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, 16-cv-0808 KG-SMV, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020).  A surreply is appropriate to give a nonmoving party "an opportunity to respond to new material raised for the first time in the movant's reply."  *Green v. New Mexico*, 420 F.3d 1189, 1196–97 (10th Cir. 2005)  "'Material,' for purposes of this framework, includes both new evidence and new legal arguments."  *Id.* (internal citation omitted).  A surreply "gives the nonmovant a chance to respond to the new information."  *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1183 (D.N.M. 2015).

      Plaintiff does not offer an appropriate reason for filing a surreply.  In his motion, Plaintiff claims that the "Reply raises new and unsubstantiated defenses, which requires rebuttal via the filing of a Surreply."  Doc. 93 at 1.  Plaintiff, however, fails to point to anything new raised in the reply which would require a surreply.  Instead, Plaintiff merely points to Defendant's reliance on the "extraordinary circumstances test" in *In re Office of the Utah Attorney Gen.*, 56 F.4th 1254 (10th Cir. 2022).  *Id*. at 1–2.  Defendant, however, fully briefed this argument in her motion.  *See* Doc. 76 at 4–7.  Plaintiff had an opportunity to respond to this argument in his response.  And Defendant's reply largely responds to Plaintiff's response.  The Court sees nothing in the reply that raises new evidence or new legal arguments such that a surreply is warranted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File a Surreply to the Reply in Support of Defendant Governor Michelle Lujan Grisham's Motion for Protective Order (Doc. 93) is DENIED.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge