IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. ERIC BLINMAN,

        Plaintiff,

v.                                                Case No. 1:23-cv-00431-KG-JMR

GOVERNOR MICHELLE LUJAN GRISHAM, et al,

        Defendants.

### PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND RELATED DEADLINES

**COMES NOW** the Plaintiff Dr. Eric Blinman, by and through his counsel, Merit Bennett of The Bennett Law Group, LLC, and hereby moves this Court for an extension of all current discovery-related deadlines pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Rule 16(b)(4). This motion is made in good faith and supported by the following grounds:

### BACKGROUND

1.     Plaintiff Dr. Blinman has asserted causes of action in his complaint for gender, age and race discrimination and illegal retaliation in violation of the United States Civil Rights Act of 1964 and the New Mexico Human Rights Act; for violation of the New Mexico Whistleblower Protection Act and for bad faith breach of New Mexico Department of Cultural Affairs (NMDCA) Policy No. HR007 and of Plaintiff's employment contract with the State of New Mexico.

2.     Individual Defendants named in the action at all times relevant herein were Governor Michelle Lujan Grisham, NMDCA Cabinet Secretary Garcia y Griego, Deputy Secretary Michelle Gallagher Roberts and State Director of Human Resources Ken Lucero.

3.     In an effort to minimize Plaintiff's financial hardship and litigation costs, Plaintiff's counsel has attempted to engage Defendants in meaningful settlement negotiations in advance of

costly litigation. This approach has included delaying individual defendants depositions pending receipt of all available relevant discoverable documentation.

4. The parties have engaged in material discovery disputes throughout the discovery period which resulted in continuous delay in the scheduling and taking of depositions.

5. Further, the Settlement Conference in this matter has been delayed three times by Defendants asserting that more discovery was needed by them in order to engage in meaningful negotiations. Nevertheless, a settlement conference was finally conducted on Thursday, August 14, 2025, a little more than 30 days prior to the discovery deadline.

6. Though the parties appeared to be far apart in their settlement offers, the Court held separate pre-settlement conferences with attorneys for parties in preparation for the settlement conference and after meeting with the judge separately, each party agreed to proceed with the settlement conference in good faith. Unfortunately, the matter did not resolve. The parties left the conference agreeing to consider a mediator's number. While Plaintiff agreed to accept the proposed settlement amount, Defendants did not and the matter went unresolved.

7. Currently, no depositions have yet been taken by Plaintiff. This is attributable to a combination of factors:

Prior to August, the parties have had a history of discovery disputes resulting in continued delay of completion of discovery which is partially attributable to Defendants resulting in limited and restrictive schedule of available dates for depositions, which complicated coordination and caused delay. *See* history as documented in parties' motions (ECF 66, 81 and 104).

In August 2025, the deposition of Teresa Casados was scheduled. However, the undersigned counsel was forced to cancel the deposition of Teresa Casados, which had been planned for that

month, due to health-related complications arising from mold exposure in counsel's office. The exposure and contamination of counsel's office prompted an urgent relocation from the office space, significantly disrupting case preparation activities and necessitating cancellation of the scheduled deposition.

8. Undersigned counsel is experience serious and ongoing health issues that materially impair counsel's ability to continue representing Plaintiff in this matter.

9. As a result of these combined circumstances and serious health issues, Counsel for Plaintiff has been unable to conduct depositions and now seeks an extension of time to allow new counsel to be retained and for discovery to proceed without undue prejudice.

10. Plaintiff is in the process of identifying and retaining substitute counsel, but has not yet secured new representation. An extension of time is necessary to allow for their evaluation of the matter and to ensure adequate preparation for participation in discovery proceedings.

## ARGUMENT

**GOOD CAUSE FOR EXTENSION**

FRCP 6(b)(1)(A) permits a court to extend time for "good cause" when a request is made before the original deadline expires. FRCP 16(b)(4) authorizes modification of a scheduling order only for good cause and with the judge's consent.

Undersigned counsel is currently experiencing a serious health condition that materially impairs his ability to continue representing Plaintiff in this matter. Counsel is unable to meet current discovery obligations or effectively plan or prepare for depositions and other required case activities.

Plaintiff is in the process of identifying and retaining substitute counsel, but has not yet secured new representation. The prospective counsel is requesting a 90-day extension in order to

consider taking Plaintiff's case. This process is ongoing and, due to the complexity of the case and need for continuity, requires additional time.

Without an extension of the current discovery deadlines, Plaintiff risks significant prejudice, including the inability to participate meaningfully in discovery, depose any of the defendants, and meet the current case deadlines.

Undersigned counsel's health circumstances and the need to secure new counsel for Plaintiff constitutes good cause under FRCP 6(b)(1)(A) and FRCP 16(b)(4).

## RELIEF REQUESTED

Plaintiff respectfully requests a 90-days extension of all remaining discovery deadlines, including:

a) Termination date for discovery currently set for September 15, 2025. Plaintiff requests it be extended until December 15, 2025.

b) Motions relating to discovery currently set for September 29, 2025. Plaintiff requests it be extended until December 29, 2025.

c) Pretrial motions other than discovery motions (including motions which may require a Daubert hearing) currently set for October 14, 2025. Plaintiff requests it be extended until January 12, 2026.

Plaintiff further requests that the Court issue an Amended Scheduling Order reflecting the revised deadlines, or in the alternative, that the Court schedule a status conference to address scheduling and substitution of counsel once new counsel is located.

**CONSULTATION WITH OPPOSING COUNSEL**

Pursuant to Local Rule 7.1(a), Plaintiff's counsel has attempted to confer with opposing counsel regarding this motion. While opposing counsel has indicated that they do no oppose "a short extension, approximately 30 days, but we are not okay with an indefinite extension of these deadlines," their agreement to an extension of 90 days was not provided. *See* email exchange between counsel attached as **Exhibit A**.

**CONCLUSION**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an order extending all current discovery and related deadlines be extended for the respective ninety (90) day periods indicated above to allow sufficient time for Plaintiff to retain substitute counsel while preserving Plaintiff's ability to fully participate in this litigation without undue prejudice.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: _____
Merit Bennett, *Esq*.
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
Email: mb@thebennettlawgroup.com
*Attorney for Plaintiff Eric Blinman*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>SERPE ANDRES, PLLC
>2540 El Paseo, Suite D
>Las Cruces, New Mexico 88001
>Ph: 575-288-1453
>Hope Pendleton, *Esq*.
>Email: hpendleton@serpeandrews.com
>Cody Rogers, *Esq*.
>Email: crogers@serpeandrews.com
>*Attorneys for State Defendants*

  /s/ Merit Bennett
Merit Bennett, *Esq*.
*Attorney for Plaintiff*